IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MELINDA BEASLEY PEARSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 114-110 |
| AUGUSTA, GEORGIA through its Mayor Deke Copenhaver, in his official capacity, and its commission, in its official capacity, et al., | * | |
| Defendants. | * | |

O R D E R

Yet again the Court finds itself sorting out the mess created by shotgun pleadings.[1] In this matter, Plaintiff Melinda Beasley Pearson asserts claims against Augusta, Georgia ("the City") and three of its employees, among others unnamed ("the City Employees"), for deprivation of her Fourteenth Amendment rights, as well as violations of the Fair Labor Standards Act ("FLSA") and the Family Medical Leave Act ("FMLA"). Presently before the Court are Defendants separately-filed motions to partially dismiss (Docs. 15, 16, 17, 18) Ms. Pearson's 28-page, 242-paragraph Complaint (Doc. 1). As between them, they specifically seek to dismiss Ms.

---

[1] This Court has warned Ms. Pearson's counsel repeatedly against continuing this practice, which is a disservice to his clients, greatly complicates the parties' tasks, and as evidenced by this Order, wastes the Court's time. See, e.g., Gibbons v. McBride, No. 1:114-cv-00056, Doc. 38; Smith v. Augusta-Richmond County, No. 1:10-cv-00126, Docs. 33, 51; see also Allen v. City of Grovetown, No. 1:10-CV-00022, Doc. 21. The Court hereby NOTIFIES Mr. Batson that his continued indifference to Federal Rule of Civil Procedure 8(a)(2) and the Eleventh Circuit Court of Appeals' repeated and consistent condemnation of shotgun pleadings may lead to sanctions against him personally, as well as striking his noncompliant filings.

1

Pearson's claims (1) arising under 42 U.S.C. § 1981; (2) arising under the Civil Rights Act of 1991; (3) against the City Employees in their official capacities; and (4) against the City Employees under the FLSA and FMLA, as they are not Ms. Pearson's "employer" as a matter of law.

Ms. Pearson responds that she does not allege an independent cause of action under either § 1981 or the Civil Rights Act of 1991. (Pl.'s Resp., Doc. 20, at 5-6.) She agrees that the official capacity claims are duplicitous. (See id. at 3-4.) She further agrees that the City Employees cannot be "employers" for purposes of FLSA or FMLA liability and insists her "complaint makes clear" that she only seeks to hold the City Employees liable under 42 U.S.C. § 1983 for Fourteenth Amendment violations. (Id. at 2-3.)

The utter lack of issues to be resolved by these motions — which Defendants reasonably filed — is perfect proof that the Complaint is not clear at all. In fact, it lacks the clarity and precision that Rule 8 demands in abundance. It is replete with incoherent sentences, many of which either are missing words (see, e.g., ¶¶ 41, 155) or span up to nine lines without a single period (see, e.g., ¶¶ 8, 10). It references over twenty individuals who are *not* defendants: some by first name, some by last name, some who were Ms. Pearson's subordinates, some who served in a supervisory capacity, some who worked for other City departments, and some whose relevance to Ms. Pearson's claims are tangential at best.

For example, although Ms. Pearson clarifies in her response brief that "Defendants Russell, Shanahan, and Smith are being sued under the Fourteenth Amendment" for violating her due process and equal protection rights, Defendant Smith's name does not appear *at all* in Claims V, VI, or VIII, which purport to lay out her Fourteenth Amendment claims. Notwithstanding this error, the Court is at a loss as to how Mr. Smith — an admittedly subordinate and probationary employee whose "pay grade and tenure were well below" Ms. Pearson's (see Compl. ¶¶ 72, 77, 79) — had any role or authority in the hearing that resulted in Ms. Pearson's demotion, denial of her appeal, or substantial cut in pay that serve as the bases of those Fourteenth Amendment claims.

In light of the foregoing, Mr. Batson's commentary — that "[s]urely there was not sufficient confusion [by Defendants] to file a motion to dismiss prior to a phone call or a motion for a more specific statement" and "Defendants cannot seriously be concerned the Court will be confused by the redundancy" — is woefully misplaced. (Id. at 3, 4.) Neither the Court nor Defendants should be required, as here, to "sift through the facts presented and decide . . . which [are] material to the particular cause[s] of action asserted." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n.9 (11th Cir. 2002) (citations omitted). As a result, the Court now issues an Order that accomplishes very little in terms of advancing this case. It is true that Defendants, if confused by Ms. Pearson's

3

pleadings, could have moved pursuant to Federal Rule of Civil Procedure 12(e) for clarification or for outright dismissal. Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." (footnotes omitted)). But these courses of action are not economic or efficient either. The *plaintiff* is the master of the complaint. It should not be incumbent upon Mr. Batson's opponents — or this Court — to do his work for him by sending him back to the drawing board time and again to set forth plainly and simply his client's claims.

The single substantive issue on which the Court will comment is Ms. Pearson's claim that "[t]here is no harm in allowing the official capacity claims to sit" and, if the Court chooses to dismiss the official capacity claims anyway, the Court "must accommodate and make clear, that the dismissals carry no factual or legal finding . . . that [the City employees] were not acting in their capacity as employees of Augusta or 'under color of law'." (Pl.'s Resp. at 3, 4). The Court has no duty to accommodate Ms. Pearson in this respect, and it does not understand to whom it needs to "make clear" the implications of

this Order. The reality is the Eleventh Circuit has made exceptionally clear that

> because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, *there no longer exists a need to bring official-capacity actions against local government officials*, because local government units can be sued directly[,]

just as Ms. Pearson did here. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (emphasis added) (citations omitted).

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES AS MOOT IN PART**[2] the City Employees' Motions to Dismiss. (Doc. 16, 17, 18.) All causes of action against Fred Russell, Bill Shanahan, Sam Smith, and unnamed City Employees in their official capacities are **DISMISSED** as duplicative of the causes of action against the City. The Court further **DENIES AS MOOT**[3] Defendant Augusta, Georgia's Motion to Dismiss. (Doc. 15.)

**ORDER ENTERED** at Augusta, Georgia, this 24th day of February, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Ms. Pearson's representation to the Court that she does not assert claims under 42 U.S.C. § 1981 or the Civil Rights Act of 1991 eliminates these claims and moots Defendants' motions to dismiss these claims. Likewise, Ms. Pearson's concession that the City Employees cannot be "employers" for purposes of FLSA and FMLA liability eliminates these claims against them and moots the City Employees' motions to dismiss those claims.

[3] See supra note 2.

5