**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**INTAKE QUESTIONNAIRE**

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

1. **Personal Information**
Last Name: PEARSON   First Name: MELINDA   MI: B.
Street or Mailing Address: 765 WANDO DRIVE   Apt or Unit #: ___
City: NORTH AUGUSTA   County: AIKEN   State: SC   Zip: 29841
Phone Numbers: Home: (803) 278-3970   Work: ( ) N/A
Cell: (706) 836-8287   Email Address: mbpearson1@comcast.net
Date of Birth: 1-14-63   Sex: ☐ Male ☑ Female   Do You Have a Disability? ☐ Yes ☑ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☑ White
☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? AMERICAN

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: Timothy PEARSON   Relationship: Husband
Address: 765 WANDO DRIVE   City: N. Augusta   State: SC   Zip Code: 29841
Home Phone: (803) 278-3970   Other Phone: (706) 836-8287

2. I believe that I was discriminated against by the following organization(s): (Check those that apply)
☑ Employer  ☐ Union  ☐ Employment Agency  ☐ Other (Please Specify) ___

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.
Organization Name: Augusta Recreation Parks + Facilities Dept.
Address: 2027 Lumpkin Road   County: Richmond
City: Augusta   State: GA   Zip: 30406   Phone: (706) 796-5025 / 5026
Type of Business: RECREATION   Job Location if different from Org. Address: ___
Human Resources Director or Owner Name: William Shanahan - Interim (Director HR)   Telephone: (706) 821-2303
Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15   ☐ 15 – 100   ☑ 101 – 200   ☐ 201 – 500   ☐ More than 500

3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☐ No
Date Hired: Aug-1985   Job Title At Hire: PARK LEADER   ($30.77) PAY PA4
Pay Rate When Hired: $816.86 Monthly   Last or Current Pay Rate: $60,017.88 Annual Salary
Job Title at Time of Alleged Discrimination: Operations Manager   Date Quit/Discharged: May 2, 2012
Name and Title of Immediate Supervisor: Tom Beck - Director
If Job Applicant, Date You Applied for Job: N/A   Job Title Applied For ___

1

4. What is the reason (basis) for your claim of employment discrimination? (SEE Attachments)

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☑ Race ☑ Sex ☐ Age ☐ Disability ☐ National Origin ☐ Religion ☑ Retaliation ☐ Pregnancy ☑ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: SEE Attachments

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain): Demotion - "Rate of Pay" (SEE Attached)

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: May 2, 2012   Action: Demotion by Bill Shanahan, Deputy City Administrator, Interim Human Resources Director, Interim Recorder;

Name and Title of Person(s) Responsible: _____

B. Date: May 2012   Action: (See attachments)

Name and Title of Person(s) Responsible _____

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.
(See attachments)

7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?
(See attachments)

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |

A. Sam Smith, white male American, Operations Supervisor - Mr. Smith admitted that he committed time card fraud, the same accusation levied against me and no actions were taken against Mr. Smith - (see attachments)

B.

2

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. NONE | | | |
| B. | | | |

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. | | | |
| B. NONE | | | |

Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
   ☐ Yes, I have a disability
   ☐ I do not have a disability now but I did have one
   ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____

_____

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   ☐ Yes  ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
   ☐ Yes  ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

How did your employer respond to your request? _____

_____

3

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|
| A. Tonia Vriett | Deputy Director Augusta Recreation | 2027 Lumpkin Rd Augusta, GA 30906  706-796-5095 | (SEE Attachments) |
| B. Tom Beck | Ex-Director, Augusta Recreation, Parks + Facilities | cell # (706) 834-9781 | |

14. Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: __N/A__

16. Have you sought help about this situation from a union, an attorney, or any other source?  ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
__John P. Batson - Attorney At Law - 303 Tenth Street Augusta, GA 30901 - (706) 737-4040__

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1  ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2  ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Melinda B. Pearson_     10/21/12
Signature                  Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

## Item # 4

1. Race: Inequality with disciplinary actions taken towards me versus another African American employee.
2. Sex: Inequality with levying discipline in between myself and a male employee who was ultimately given my supervisory position.
3. Retaliation: City administration slandered me through the media when I appealed their disciplinary process.
4. Color: Inequality with disciplinary actions taken towards me versus another African American employee.
5. Hostile Work Environment and Harassment: City administration created hostile work environment by not supporting my efforts towards enforcing city policy.
6. Demotion in regards to my rate of pay which far exceeds standard policy as quoted in section 500.122 of the Disciplinary or Involuntary Demotions. quote below: "A demotion of four (4) grades or more shall result in a reduction in salary up to fifteen percent (15%)". See Attachments

## Item # 5

A. May 2, 2012, demotion by Deputy City Administrator, Interim Recreation Director, Interim Human Resources Director Bill Shanahan.
B. May 2012, conspiracy to slander me by African American Dennis Stroud (ex-Deputy Director Augusta Recreation, Ronald Clark and Onajuanita Foster Human Resources Department.
C. March 5, 2012, Slander and retaliation towards me committed by Deputy City Administrator, Interim Recreation Director, Interim Human Resources Director Bill Shanahan and City Administrator Fred Russell.
D. December 14, 2011, then Deputy Director Dennis Stroud gave preferential treatment towards another African American employee when I tried to levy discipline actions against this individual.
E. December 15, 2011, I filed a grievance with Tom Beck, Director Augusta Recreation, Parks and Facilities Department for threats that Mr. Dennis

Stroud (ex-Deputy Director) made against me, to include a hostile work environment.

F. April 23, 2012, by Deputy City Administrator, Interim Human Resources Director, Interim Recreation Director Bill Shanahan and City Administrator Fred Russell refused to offer any support towards any discipline that I attempted to enforce for policy violations, fostering a hostile work environment.

### Item # 6

Persecuted and falsely accused for allegedly committing time card fraud, demoted and reassigned duties that caused me debilitating injuries, all the while another male ( I am female) who actually admitted time card fraud was never disciplined and was put into my position (a promotion). Slandered through the media by the city administration.

### Item # 7

I was falsely accused of time card fraud and further slandered through the media regarding this matter by the city administration. I was also harassed while on medical leave by Bill Shanahan, Interim Recreation, Parks & Facilities Director, for missing county equipment (Motorola 2 – way Radios) from 2009 and accuses me of not following policy and procedures and not accounting for missing equipment. While during this same time frame Mr. Shanahan, Interim Recreation Director, Deputy City Administrator, Interim Human Resources Director was trying to overturn discipline that (two) male employees received under my supervision (Sam Smith and Charles Johnson) regarding restitution for loss equipment. I was also falsely accused of worker's compensation fraud through the media by the city administration (Deputy City Administrator, Interim Recreation, Parks & Facilities Director, Interim Human Resources Director Bill Shanahan and City Administrator Fred Russell). Extensive documentation too large to attach to this document is available for

inspection during follow up investigation.

## Item # 8

A. Sam Smith admitted that he committed time card fraud, the same accusation levied against me, and no action was taken against Mr. Smith. Extensive documentation too large to attach to this document is available for inspection during follow up investigation.

B. None, the city administration established unprecedented levels of slanderous attacks with no due process availed to me to counter their accusations.

## Item # 13

Joanie Smith, Deputy Director Augusta Recreation, Parks & Facilities will be able to corroborate those slanderous actions levied against me and " inside remarks" made by city administration that verifies the discriminatory actions taken against me. And this policy is clearly stated in the Recreation, Parks and Facilities Department Employee Manual (4.3 Compensatory Time). Supervises exempt employees that have used compensatory time.

1. Joanie Smith -Deputy Director Augusta Recreation, Parks & Facilities Department – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-4095

    Renee Kaufman that I was off on approved compensatory time, and this was a common practice as how our department (Augusta Recreation and Parks) handled comp time and was indicated in the manner in which we were taught (standard practice of showing yourself as working when you were off as this was the only way that the Department could return the time back to the individuals to record comp time. I keep written documents that show how this time is used

in my payroll documents. I have years of this same type of documentation that supports the use of my accrued comp time. That this policy is clearly stated in our Recreation, Parks & Facilities Employee manual (4.3 Compensatory Time).

2. Renee Kaufman - Property & Maintenance Supervisor – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-4082

3. Marilyn Newton - Business Manager – 2027 Lumpkin Road, Augusta, GA. 30906. (706) 796-5029 – Standard practice for our department to show all employees working when off on comp time. And that I was not the only exempt employee in 2011 to use comp time.

4. Tonia Mason – Administrative Assistant – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025 – Has knowledge of comp time standard practice procedures for our department. Was payroll clerk in the past and assists as back up for the current payroll clerk.

5. Chris Scheuer – Deputy Director Augusta Recreation – Exempt employee that has used compensatory time and also supervises other exempt employees that use comp time.

6. Lisa Hall – Payroll Clerk – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025. Current payroll clerk.

7. Robert Martin – Athletic Division Manager – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025. Exempt employee and has used compensatory time and supervises exempt employees that have used compensatory time.

8. **Nora Lamb** – Facilities Supervisor – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025. Exempt employee that has used compensatory time and supervises exempt employees that have used compensatory time.

9. **Darrell Bennett** - Operation Supervisor III – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025. Exempt employee that has used compensatory time.

10. **Chrislynne Kuhlke** – Rental Facilities Coordinator – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025. Exempt employee that has used compensatory time.

11. **Yolanda Marshall** – Special Event Manager – 2027 Lumpkin Road, Augusta, Ga. 30906. (706) 796-5025 – Exempt employee that used compensatory time.

12. **Stephen Fowler** – Engineering Tech II – Was an exempt employee and received compensatory time from his Director, Richard Acree. Mr. Fowler stated he received three (3) days compensatory time for installing Christmas lights throughout the city of Augusta. Mr. Fowler worked for a different Department within the City of Augusta.

#64C

# XFINITY Connect

mbpearson1@comcast.net

Font Size

ay

From : trpearson1@comcast.net  Sun, May 20, 2012 05:05 AM
Subject : Pay
To : mbpearson1@comcast.net

**Section 500.122 Disciplinary or Involuntary Demotions**
The Department Director or Elected Official shall furnish a written letter of intent to demote to the employee detailing the reason(s) for the action, the pay adjustment and a notification of the right to appeal as applicable.
The rate of pay for an employee that is demoted for disciplinary reasons shall be reduced up to ten percent (10%) for up to three (3) grades demotion, or to the rate applicable to the new position as determined by the Department Director or Elected Official and approved by the Human Resources Director. [illegible]
In situations where the guidelines for reduction in pay do not bring the employee's salary within the grade range for the position that the employee is demoted to, the salary shall be adjusted to the maximum pay of the pay grade. Exceptions to this policy require written justification from the requesting department and approval by the Human Resources Director.

*[handwritten note, illegible]: Integrated - of salary adjusted*

| Augusta, GA Pay Structure, Effective February 1, 2012 | | | |
|---|---|---|---|
| Grade Number | Grade Minimum | Grade Midpoint | Grade Maximum |
| 30 | $14,511.44 | $20,516.35 | $24,519.62 |
| 31 | $15,248.89 | $21,569.84 | $25,783.81 |
| 32 | $16,025.15 | $22,678.78 | $27,114.54 |
| 33 | $16,842.26 | $23,846.08 | $28,515.30 |
| 34 | $17,702.38 | $25,074.83 | $29,989.79 |
| 35 | $18,607.77 | $26,368.24 | $31,541.89 |
| 36 | $19,560.81 | $27,729.72 | $33,175.67 |
| 37 | $20,564.01 | $29,162.87 | $34,895.44 |
| 38 | $21,620.01 | $30,671.44 | $36,705.73 |
| 39 | $22,731.50 | $32,259.41 | $38,611.29 |
| 40 | $23,901.67 | $33,930.96 | $40,617.15 |
| 41 | $25,600.55 | $35,690.48 | $42,728.58 |
| 42 | $26,855.08 | $37,542.61 | $44,951.14 |
| 43 | $28,173.55 | $39,492.22 | $47,290.67 |
| 44 | $31,283.33 | $41,544.45 | $49,753.34 |
| 45 | $32,903.51 | $43,704.68 | $52,345.62 |
| 46 | $34,608.96 | $45,978.61 | $55,074.33 |
| 47 | $36,404.17 | $48,372.22 | $57,946.67 |
| 48 | $38,293.86 | $50,891.81 | $60,970.18 |
| 49 | $40,283.01 | $53,544.01 | $64,152.82 |
| 50 | $42,376.85 | $56,335.80 | $67,502.96 |
| 51 | $44,580.90 | $59,274.53 | $71,029.44 |
| 52 | $49,994.34 | $62,367.93 | $71,648.12 |
| 53 | $52,599.31 | $65,624.13 | $75,392.75 |
| 54 | $55,341.38 | $69,051.72 | $79,334.48 |
| 55 | $58,227.76 | $72,659.70 | $83,483.66 |
| 56 | $61,266.07 | $76,457.58 | $87,851.22 |
| 57 | $64,464.28 | $80,455.35 | $92,448.65 |
| 58 | $67,830.82 | $84,663.53 | $97,288.06 |
| 59 | $71,374.55 | $89,093.19 | $106,811.82 |
| 60 | $75,104.79 | $93,755.99 | $112,407.18 |
| 61 | $79,031.36 | $98,664.20 | $118,297.03 |
| 62 | $83,164.59 | $103,830.73 | $124,496.88 |
| 63 | $87,515.35 | $109,269.19 | $131,023.03 |
| 64 | $92,095.11 | $114,993.89 | $137,892.66 |
| 65 | $96,915.90 | $121,019.88 | $145,123.86 |
| SES I | $70,500 - $130,500 | | |
| SES II | $80,500 - $140,500 | | |
| SES III | $90,500 - $150,500 | | |
| SES IV | Salary Set By The Augusta Commission | | |

Handwritten annotations:
- Grade 38 (midpoint $30,671.44 circled): "Maint. worker"
- Grade 54: "operations Manager"