**XFINITY Connect**

mbpearson1@comcast.net
+ Font Size -

___

### Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

___

**From :** mbpearson1@comcast.net

Wed, Jul 08, 2015 11:05 PM

**Subject :** Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

⌀ 1 attachment

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

**Cc :** holly aguilar <holly.aguilar@eeoc.gov>

Mr. Torres,

Here is the copy of Bill Shanahan's deposition. This document supports my claim against the City of Augusta in each and every charge. Mr. Shanahan is perhaps the biggest player in this conspiracy to have me humiliated, seriously injured and ultimately terminated. I sincerely hope you take this information and apply it towards your investigation.

Sincerely,

Melinda Beazley Pearson
(706) 836-8287



**Bill Shanahan 06-11-2015_full.pdf**
PDF 866 KB

___

### Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

___

**From :** mbpearson1@comcast.net

Wed, Jul 01, 2015 06:13 PM

**Subject :** Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

**Bcc :** Jack Batson <jpbatson@aol.com>

Mr. Torres,

As promised, I am doing everything I can to provide you with information that supports my charges against the City of Augusta, Georgia. Attached you will find a copy of the deposition from the past City Administrator who was in that position when I was terminated. There is ample evidence to support discimination (pay, ADA, gender and race). I have not received the deposition back regarding Bill Shanahan, who simultaneously held the positions of Deputy City Administrator, Interim Human Resources Director and Interim Recreation Director when I was disciplined, severely injured and ultimately terminated. Mr. Shanahan was very instrumental in discriminating against me and as such, I will send you his deposition as soon as I receive it.

It's been two weeks since I last spoke with you in Savannah and I had hoped to hear from you based upon our conversation. Due to the length of time that has transpired with my charges and the case law (precedence) that I have provided you copies with, I am respectively requesting a meeting with your Director (next week if at all possible). While I mean no offense, I am doing everything possible that I am complying with the color of the law and civil rights procedures to protect my interests in this matter. I will anxiously await your response. Please contact me through my email or cell phone listed below. Thank you!

Melinda Beazley Pearson
mbpearson1@comcast.net
(706) 836-8287

___

### Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

___

**From :** mbpearson1@comcast.net

Wed, Jun 24, 2015 10:45 PM

**Subject :** Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

⌀ 8 attachments

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Mr. Torres,

As promised, here are additional depositions of parties deposed regarding my case. I am still awaiting those depositions from Bill Shanahan (Deputy City Administrator, Interim Human Resources Director and Interim Recreation Director) and Fred Russell (then the City Administrator).

The depositions attached will provide ample evidence to support that I have been discriminated against for what I was ultimately terminated for, taking 4 days of appoved and earned compensatory time off. Several of those people with these depositions reaffirm that they too have taken compensatory time off as exempt employees. Robert Martin confirms that he did not authorize his name to be used during investigative statements (denying making those remarks used against Melinda Pearson) used to terminate Melinda Pearson. An ealier deposition (Ron Houck, now the Interim Recreation Director), also confirmed that falsified statements created by Ron Clark (Human Resources) were used to terminate Melinda Pearson. Both Houck and Martin (in addition to several other people that have provided declarations denying having made statements against Melinda Pearson) have emphatically denied making statements used by Ron Clark and Bill Shanahan to terminate Melinda Pearson.

Gary Hegner details the inaction taken by the City of Augusta's Human Resources Department against an African American employee (Millie Armstrong, suborndinate of Mr. Hegner) who threatened to kill Mr. Hegner. Mr. Hegner continues by saying that this threat and the City's failure to take any action against this employee has impaired his ability to effectively supervise the Recreation Department.

I have also attached a letter that I sent to you on February 18, 2015 regarding this same violent employee, Millie Armstrong. As an additional reminder, the City of Augusta had two of their recreation employees involved in a "shooting" on city property whereupon one employee shot another employee.

I realize that this information continues to build as I proceed with my case against the City of Augusta. Ultimately, I feel that this was inevitable because of depositions, further investigation, etc. As the investigator assigned to my case, I feel like I have an obligation to keep you abreast of my investigation and legal discoveries. As you are well aware, this matter is of the utmost importance to me and I anxiously await your response to my EEOC Complaints against the City of Augusta.

Thanks again and I hope to hear from you soon!

Melinda Beazley Pearson
(706) 836-8287
mbpearson1@comcast.net

---

**February 18 Letter to Mr. Torres.docx**
18 KB
**Ronald L. Houck 05-07-2015_full.pdf**
410 KB
**Yolanda Marshall Greenwood 05-13-2015_full.pdf**
260 KB
**Misty Sroczynski Smith 06-04-2015_full.pdf**
425 KB
**Sam Smith 06-04-2015_full.pdf**
400 KB
**Robert Paul Martin, II 05-13-2015_full.pdf**
213 KB
**Tameka Allen 05-29-2015_full.pdf**
142 KB
**Gary Hegner 05-28-2015_full.pdf**
234 KB

---

**Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746**

---

**From :** mbpearson1@comcast.net

**Subject :** Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Tue, Jun 16, 2015 05:00 PM

2 attachments

Mr. Torres,

Here are the resumes that I referenced earlier today from Bill Shanahan. I would hope to have his deposition transcript by next week which will clearly support our discussion today (gender, ADA, hostile work environment, wrongful termination and retaliation discrimination complaints). It was very nice to see you again and I will look forward to hearing from you soon.

Melinda Beazley Pearson
(706) 836-8287

📄**Resume for City Manager of New Smyrna Beach, FL.pdf (highlighted).pdf**
📄942 KB
📄**resume for City Manager for City of Port Orange, FL.pdf**
📄355 KB

---

### Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

---

**From :** mbpearson1@comcast.net

**Subject :** Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Mon, Jun 15, 2015 09:25 PM

📎1 attachment

Mr. Torres,

Here is a deposition (Ron Clark) that we recently conducted that clearly shows how members of the Human Resources Department were fabricating documents in order to use them against me during my wrongful termination. We just concluded a deposition this past Thursday, June 11, 2015 involving Bill Shanahan (Deputy City Administrator, Interim Human Resources Director and Interim Recreation Director) that supports gender, pay, retaliation, ADA and hostile work environment discrimination. I don't have his deposition in hand at this moment as it is still in processing by the court reporter.

Sincerely,

Melinda Beazley Pearson
(706) 836-8287

📄**Ronald Clark 05-28-2015_full.pdf**
📄960 KB

---

### Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

---

**From :** mbpearson1@comcast.net

**Subject :** Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Thu, May 21, 2015 02:00 PM

Mr. Torres,

I realize that I just sent you an email regarding information that I received from my attorney. Will you please share the following information (see below) with your in-house attorney? This case is so intertwined and overlaps from one charge to the other. As such, I hope you can appreciate my concerns that I am afforded all of the protection from the EEOC and courts as possible. I respect that you must remain objective and therefore have reservations about my attorney being present during any interviews. I still think it is imperative that I be availed the opportunity to meet with you and the EEOC legal staff to review my charges before you make any determinations as to how you proceed forward. I am respectively requesting that this meeting be conducted within the next few weeks as my discovery period is coming to a close and I will have to present a brief to the court soon. Please call me soon so that we can discuss this matter.

Sincerely,

Melinda Beazley Pearson
(706) 836-8287
mbpearson1@comcast.net

The following is from Seymour & Aslin, Equal Employment Law Update, Summer 2007 edition (BNA Bloomberg, 2007), copyright © American Bar Association, 2007, and used with permission:

      Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 14 AD Cases 304 (**11th Cir.**), cert. denied, 540 **U.S.** 1016 (2003), affirmed the grant of summary judgment to the ADA defendant, holding that plaintiff's claim was barred by res judicata. Defendant settled a

Exhibit 10-P, 4

grievance over the failure to pay disability benefits by paying plaintiff the benefits, and fired plaintiff an hour later for assertedly defrauding it in obtaining disability benefits. Plaintiff grieved the matter, and the Delta System Board of Adjustment ultimately upheld the discharge. Plaintiff filed suit to vacate the award, the lower court held that the suit did not present any of the limited grounds on which it could grant relief from a System Board of Adjustment determination, and that it lacked jurisdiction. The Eleventh Circuit summarily affirmed the dismissal. Plaintiff then filed an EEOC charge alleging that his termination violated the ADA, and filed a State- court ADA and breach of contract suit that defendant removed to Federal court. The lower court held the suit barred by res judicata, and the court of appeals affirmed. The court stated the general rule:

> The doctrine of res judicata, or claim preclusion, "'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" . . . Importantly, this bar pertains not only to claims that were raised in the prior action, see id., but also to claims that could have been raised previously. . . . In determining whether the prior and present causes of action are the same, we must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate."

Id. at 1187 (citations omitted). Following prior Circuit case law, the court held that plaintiff's ADA claim was not saved simply because he had filed the first action before he received his Notice of Right to Sue and thus could not have filed suit under the ADA at that time. Id. at 1187–88. The court continued: "Moreover, there is no question that Davila's instant ADA claim shares precisely the same transactional basis as the claim he advanced before the System Board, i.e., his termination, and that as such he could have raised it in Davila I. Accordingly, the fact that the elements of proof in the context of the ADA claim differ from those at issue in Davila's breach of contract claim is not a basis on which we may hold res judicata to be inapplicable." Id. at 1188. The court stated that res judicata does not apply if the lower court had no jurisdiction, but held that the lower court did have jurisdiction in the first action and ruled on the merits even though it couched its ruling in jurisdictional terms. Id. Discussing the rulings below, the court stated: "The court focused not on its ability to adjudicate the case before it, but instead on the substantive shortcomings in Davila's arguments. In other words, it is not that the court found that it lacked the power to hear Davila's claims; it is simply that the court found those claims to be unpersuasive." Id. at 1189.

There are a boatload of similar cases. The Tenth Circuit has adopted the "any dispute in the workplace" rule for defining the "same cause of action." See Wilkes v. Wyoming Department of Employment Division of Labor Standards, 314 F.3d 501, 90 FEP Cases 835 (10th Cir. 2002), cert. denied, 540 U.S. 826 (2003).

The Third Circuit had suggestions in an FMLA/ADA case. This is from the same book, Spring 2003 edition, same attributions and copyright notice and permission:

Churchill v. Star Enterprises, 183 F.3d 184, 5 WH Cases 2d 753 (**3d Cir.** 1999), affirmed the dismissal by judgment on the pleadings of the plaintiff's ADA and Pennsylvania Human Relations Act lawsuit because they were precluded by her earlier-resolved FMLA lawsuit based on the same facts and related issues against the same defendants. The plaintiff was disabled with oral cancer and the problems caused by its treatment, but continued to work. Her requests for accommodation were not answered. On January 29, 1997, she told the

defendant that she qualified for FMLA leave and made a final request for accommodation. One week later, she was fired because of her disability. She filed administrative charges of discrimination under the ADA and the Pennsylvania Human Rights Act, and also filed suit under the FMLA. She won, and on February 17, 1998, the trial court entered judgment for \$18,337.22 and ordered her reinstatement. On April 2, 1998, she filed an ADA and PHRA suit against some of the same defendants. Id.at 187–88. The court recognized that a complainant can file suit immediately under the FMLA, but has to file an EEOC charge and receive a Notice of Right to Sue before filing suit under the ADA, and has to wait a year for the Pennsylvania Human Relations Commission to act on an administrative complaint (unless the complaint is resolved earlier) before filing suit on a PHRA claim. Id. at 190. The PHRC found no probable cause on November 14, 1997, before the FMLA case went to trial. "As for the ADA claim, Churchill could have requested a right to sue letter after 180 days had passed from the filing date of her EEOC charge. 'At the end of the 180-day period the employee is entitled to sue, regardless of EEOC proceedings.' . . . Thus, on August 25, 1997, well before the Churchill I trial, she could have requested a right to sue letter. The EEOC must issue the letter upon request." Id. at 191 (citations and footnote omitted). Instead, the plaintiff waited for the EEOC to issue the letter. The court held that the plaintiff could thus have filed suit on her ADA and PHRA claims in time to move to consolidate the new suit with her FMLA action, or could have requested the court to stay her FMLA action while she was exhausting the administrative process. Either step would have "preserved the PHRA and ADA claims now precluded." Id. The court rejected the plaintiff's argument that the district court in the FMLA action knew of her pending administrative claims and shirked its responsibility to preserve those claims. "We reject that argument summarily. Attorneys should organize litigation that they are pursuing to avoid claim preclusion. Accordingly, the mere fact that the district court was aware of Churchill's administrative claims and sua sponte might have stayed Churchill I did not relieve Churchill of the necessity to take steps to preserve her claims." Id. at 191–92 (citation omitted). The court rejected the plaintiff's policy argument that the FMLA offers equitable relief, such as reinstatement and a resumption of benefits, that ought not be delayed, stating that "we cannot find that this important legislative goal 'trumps' long standing preclusive effect doctrines." Id. at 192. The court cited decisions of the Second, Sixth, and Seventh Circuits to the effect that a Title VII claimant seeking to preserve all other claims may have to forego administrative remedies and request a Notice of Right to Sue from the EEOC prior to the conclusion of its processes. Id. at 193. (The court did not at any time refer to obtaining a Notice prior to the expiration of 180 days from the assumption of the EEOC's jurisdiction, although it raised but did not resolve the question whether the 180 days excludes the 60-day period of deferral to a State or local fair employment practices agency. Id. at 191 n.7.) The court stated its rule and described a possible exception to the rule:

> Persons pursuing rights under these statutes must preserve their ability to seek redress in a manner compatible with longstanding principles of judicial economy: requesting a right to sue letter is not an onerous burden, and we believe that in many cases a motion to stay an FLMA [sic] action will preserve all legal claims without undue prejudice to the plaintiff. We believe that district courts are likely to look favorably on applications for stays of FMLA proceedings while plaintiffs promptly pursue administrative remedies under Title VII and similar state laws and we urge them to do so.[8]

> ---
> [8] Obviously we are not concerned here with a situation in which a court denied a diligent plaintiff's application for a stay in an FMLA action and thus precluded her from asserting her various claims in a single case. In those circumstances we might reach a different result.

Id. at 193–94. The court also stated that it would be unfair to the defendant to multiply its exposure to the plaintiff's fee claims, and to incur multiplicative fees and expenses of its own,

in litigating the same cause of action more than once. "Congress did not pass the statutes for the purpose of generating legal fees for plaintiffs' and defendants' attorneys. We are not so naive that we do not recognize that if we reached a different result on the claim preclusion issue we would be encouraging knowledgeable plaintiffs' attorneys to bring separate cases to generate additional attorney's fees in situations in which a single case would suffice." Id. at 194. Finally, the court held that the plaintiff's FMLA claim involved the same cause of action as his ADA and PHRA claims, because the underlying events were the same. Id. at 194–95. "There is simply no escaping from the fact that Churchill has relied on different legal theories to seek redress from the Appellees for a single course of wrongful conduct. Because the claims were the same, Churchill asserted a single cause of action in both cases that the doctrine of claim preclusion required her to have joined in one suit. Thus, this case at bottom is simply a classic example of splitting a cause of action." Id. at 195 (footnote omitted). The court rejected the plaintiff's argument that differing allegations in the second action prevented claim preclusion. "It should not be thought that by artful pleading of unnecessary allegations in a second complaint a plaintiff can avoid the result we reach." Id. at 195 n.10.

---

### Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

**From :** mbpearson1@comcast.net

Thu, May 21, 2015 12:32 PM

**Subject :** Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

⬀5 attachments

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Dear Mr. Torres,

First of all, I hope things are going well for you and your family. I know that you are a busy man. As we've discussed in the recent weeks, we are moving forward with depositions and are closing in on the end of our discovery period. That being said, timing is very important and we are doing everything possible to obtain that evidence (in addition to sworn testimony through depositions) to exonerate me and show that the City of Augusta has been and continues it's discriminatory practices to this day.

Three of the depositions (see attached) come from executive level positions of the Augusta Recreation Department as noted below:

Ron Houck - Current Interim Director of Augusta Recreation, Parks & Facilities
Joanie Smith - Current Deputy Director of Augusta Recreation, Parks & Facilities
Chris Scheuer - Former Deputy Director of Augusta Recreation, Parks & Facilities

These three administrators have provided sworn testimony that detail discriminatory acts taken against women (to include myself), hostile work environment, retaliation, and supports my ADA Discrimination claim against the City of Augusta as they placed me in harms way (resulting in me sustaining a work-related catastrophic back injury). Even more disturbing, testimony provided by the current Director of Augusta Recreation shows where the Human Resources Department representative Ron Clark (an African American male) involved in my investigation that ultimately led to my termination, falsified a document using Ron Houck's name without his knowledge. This same document makes false allegations against me that Ron Houck emphatically denies ever making these statements, nor ever having seen the document that uses his name to make allegations against me. These depositions and those that are already scheduled throughout the next couple of weeks show and will further support collusion and corruption by administrators within the City of Augusta's government.

Furthermore, Debbie Freeman's deposition provides sworn testimony that supports collusion and deception on behalf of Augusta City administrators. Whereas I was disciplined for taking four days of compensatory time off (that was approved by my Director at the time), demoted, injured and terminated, Mrs. Freeman's testimony provides that her Director, Tameka Allen (IT Director and also, Assistant City Administrator), gave her people free time off instead of providing compensatory time. Simply put, this free time (at times being provided two days off for one day of work) was given in the form of "Tameka Days!" Mrs. Freeman also states that she too, took multiple consecutive compensatory days off.

I am obtaining additional declarations today from Recreation personnel that will provide that they too, as exempt employees of Augusta Recreation, have taken multiple consecutive compensatory days off just as I did as a standard practice of the Department. As I progress through this legal process, I would also suggest that while I was classified as an exempt employee, there is case law addressing FLSA matters that supports "Salaries and titles don't matter...job duties do!" I was expected to work well beyond my job description as Operations Manager (see attachment of job description), to include operating heavy machinery, driving commercial vehicles, digging ditches, etc., at the same time managing 60 personnel, managing a $1,000,000 budget, handling procurement, training, disciplinary matters, etc. These depositions will provide testimony that I performed all of these duties regularly. Furthermore, because of the manual labor expected of me, I have received catastrophic injuries on a couple of occasions. These injuries include

shoulder injury, neck injury (requiring major surgery, placing me out of work for 8 months) and later a back injury (that resulted in me having major back surgery and ultimately led to my termination).

I know that you might wonder just how these types of things take place but they actually do. Then again, I can only imagine all of the crazy activities that you come upon during your investigations.

**I am asking that you please call me as soon as possible to further discuss my charges against the City of Augusta.** I'm concerned, based upon legal advice provided by my attorney, that my discrimination case against the City of Augusta may be in jeopardy due to possible legal precedence that exists that provides that I consolidate all of my litigation during the same time frame. Basically, I am being led to believe that if I don't pursue my discrimination litigation at the same time that I am pursuing my FLSA, FMLA and Fail to Provide Due Process charges, I will waive the discrimination charges by default. So, as you can see, time is of the essence. During our initial interview, you gave me the impression that I had ample evidence to support EEOC charges against the City of Augusta. I realize that your Agency has undergone a transition and I have remained patient and faithful that you are giving my charges the due dilligence that they deserve, especially given the manner in which you presented yourself as a man of integrity and being very professional. I still have hopes that you Agency will find supportive evidence to pursue charges against the City of Augusta, provide a Right to Sue Letter With Cause, and maybe even pursue this case yourselves as it involves/impacts so many employees (3,000) in Augusta, Georgia.

Thank you again and I am looking forward to speaking with you soon!

Sincerely,

Melinda Beazley Pearson
(706) 836-8287
mbpearson1@comcast.net

---

**Operations Manager Job Description.docx**
35 KB
**Joanie Smith 04-24-2015_full.pdf**
1 MB
**Ronald L. Houck 05-07-2015_full.pdf**
410 KB
**Debbie Freeman 05-07-2015_full.pdf**
287 KB
**Chris Scheuer 05-01-2015_full.pdf**
504 KB

---

### Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

---

**From :** mbpearson1@comcast.net

**Subject :** Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

Wed, May 13, 2015 02:36 PM

3 attachments

**To :** DIEGO TORRES <DIEGO.TORRES@EEOC.GOV>

Mr. Torres,

You asked that I keep you informed of any new updates and I thought you would like to know what happened yesterday with two Augusta Recreation employees. I am sending you this, keeping in mind that I brought up the issue of workplace violence not only when I was terminated (in my appeal packet), but have since brought this important issue up to the Augusta Commission, Augusta City Administration, Law Department, Recreation Department and Risk Management on several occasions. A meeting was conducted regarding an African American employee who has an extended history of assaults against fellow employees, threats to kill fellow employees in addition to numerous other violent violations. Nothing was done about this employee, despite her threatening to kill her Deputy Director (Caucasian male). During a deposition just this past week, we questioned the current Recreation Director (Ron Houck) who confirmed that he had reported this threat to kill one of his Deputy Directors back in February 2015, and has yet to hear from the Human Resources Department about what disciplinary action, if any, is going to take place against Millie Armstrong.

Well, as you might have guessed by now, the inevitable has happened. It is my belief that no employer, especially not a governmental entity, can afford to tolerate any workplace violence, period! I believe that there is a lack of respect for our city leaders to enforce certain policies, in fact they (City Leaders) selectively use them for their own manipulation of the government.

Two city employees of the Augusta Recreation Department became involved in an argument yesterday whereupon one employee was sent home after arguing
with his supervisor. This employee, went home, picked up a pistol and came back to a city maintained cemetery and shot his supervisor. He fled the scene but was later arrested.

If this isn't bad enough, I would further inform you that the supervisor that was shot himself, was arrested during an off-duty event

Exhibit 10 P. 8

during which time he took his girlfriends car and shot it (5) five times. His booking photo has him pictured in his Augusta Recreation uniform shirt.

I have sent you the media articles that support my comments above (see attachments). You stated that my case is at the "forefront" and is currently being reviewed. I feel like you need to know what has not only happened in the past but what is continuing to take place in the City of Augusta, Georgia. My charges, once again, not only affect me personally, but litterally 3,000 other employees who have to endure this volatile environment with the City of Augusta.

Thank you again and I'll look forward to hearing from you soon!

Melinda Beazley Pearson
(706) 836-8287
mbpearson1@comcast.net

---

**From:** "DIEGO TORRES" <DIEGO.TORRES@EEOC.GOV>
**To:** mbpearson1@comcast.net
**Sent:** Monday, February 23, 2015 12:38:28 PM
**Subject:** Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

Dear Ms. Pearson,

I have received your additional information. Thank you for your cooperation and patience. I will be contacting you hopefully within the next three to four weeks.

Thank you,

Diego Torres
Investigator
E.E.O.C.
Savannah Local Office
410 Mall Blvd., Suite G
Savannah, Georgia 31406
Phone: (912) 652-4448
Fax: (912) 652-4248
E-Mail: diego.torres@eeoc.gov >>> <mbpearson1@comcast.net> 2/18/2015 2:20 PM >>>
February 18, 2015

Dear Mr. Torres,

I am writing this letter not only to keep you posted on the continued discriminatory acts that take place within the Augusta Richmond County Government but also to report the hostile work environment that continues to exist at the Recreation Department. During our meeting in April 2014, one of the topics that we discussed addressed the hostility and threat of violence that I faced from one African American employee (Millie Armstrong). Not only did she tell me that she wasn't working for "no white woman," she also threatened to put me in a choke hold. Despite my pleas for help from the administration, I received no help. I vividly remember the expression on your face and subsequent comment about how this particular individual still had a job. I have consolidated Ms. Armstrong's personnel file (disciplinary) below but have also attached her entire file that details each of these events at length.

What is troublesome is that just recently, Millie Armstrong (African American female) threatened to kill her Deputy Director (Gary Hegner, Caucasian male) at Augusta Recreation. Despite Mr. Hegner's demands to have this employee disciplined, his director and the City of Augusta refuses to act upon this workplace threat of violence.

Obviously this type of action is important to me not only because of my EEOC complaints that I have against the City of Augusta but also morally as I am trying to prevent a tragedy from taking place by

reporting an incident of threats of workplace violence. I provided a request (Freedom of Information) through the Augusta Law Department (see attached) and the City informed me that they had no information regarding any threats this employee had made against her supervisor. This was the second time that I made such a request and the City has continued to be untruthful with me regarding Ms. Armstrong. I have personal information that the City met in the City Administrator's office at 3:00 pm on Friday, February 13, 2015 to discuss Ms. Armstrong's actions and Mr. Hegner's complaint against this employee. Those employees present included the following personnel:

Steve Cassell – Interim Deputy City Administrator
Jody Smitherman – Senior Staff Attorney, Law Department
Ron Houck – Interim Director of Recreation, Parks & Facilities
Joe Crozier – Risk Management

Director Houck met with Deputy Director Hegner on Monday, February 16, 2015 and informed him that no action would be taken against Ms. Armstrong.

Obviously the City of Augusta tolerates employees to act inappropriately on a routine basis. I know that you and your Department are on the cusp of reviewing my complaints against the City of Augusta. I am asking that you not only use this information as further evidence of wrongdoing by the City of Augusta but also step in as an outside Federal Organization that can help prevent a powder keg from exploding where someone gets seriously hurt or killed.

**This is an extremely important issue and I ask that you respond to my request acknowledging receipt. I need to know that you as an agent of the EEOC is notified in hopes that you can help not only myself but hopefully change the discriminatory and hostile work environment that exists with the City of Augusta, Georgia. Thank you!**

Melinda Beazley Pearson
mbpearson1@comcast.net
(706) 836-8287

- **Millie Armstrong Armstrong's (African American ) Personnel File** (see Item # 59)
  - o Threats of violence towards co-workers – 1/2/83, 7/16/98, 12/13/00, 1/9/01, 1/2/02, 3/14/02, 3/15/02, 3/20/02, 3/27/02, 4/27/02, 1/20/05, 1/24/05, 2/14/05, 3/14/05, 7/28/05
  - o Assaults against co-workers – 5/23/83, 3/14/84, 8/14/98, 1/17/01, 7/8/01, 7/18/01, 11/21/01, 11/29/01, 1/20/05, 7/28/05
  - o Outbursts of Profanity – 5/23/83, 1/16/01, 1/19/01, 7/16/01, 11/21/01, 11/26/01, 11/29/01, 1/20/05, 1/24/05, 11/26/07, 11/27/07, 11/28/07
  - o Racial Slurs – 1/2/83, 7/16/01, 11/21/01, 11/26/01, 11/28/01, 3/14/02, 3/20/02, 3/27/02, 11/28/07
  - o Disruptive Conduct – 1/2/83, 8/6/98, 8/7/97, 8/7/98, 1/17/01, 7/17/01, 7/30/01, 1/2/02, 3/15/02, 4/27/02, 1/24/05, 1/24/10
  - o Disruptive Behavior – 1/24/83, 5/23/83, 3/14/84, 8/19/91, 11/12/01, 11/21/01, 11/26/01, 11/29/01, 1/2/02, 3/20/02, 11/3/04, 1/20/05, 2/1/05, 2/14/05, 11/27/07
  - o Disruptive Attitude – 6/1/99, 10/27/99, 1/19/01, 11/20/01, 3/15/02, 3/20/02, 1/20/05, 2/14/05
  - o Insubordination – 1/24/83, 5/23/83, 3/16/84, 5/23/98, 7/17/01, 11/26/01, 3/15/02, 3/20/02, 3/27/02, 4/27/02, 1/20/05, 2/14/05, 3/15/05, 9/26/05, 1/24/10
  - o Suspensions
    - ▪ 3/14/98 – 5 days for disruptive conduct
    - ▪ 8/14/98 – 5 days for disruptive conduct, threats to co-worker, 2nd incident with co-

worker
- ▪ 7/31/01 – **5 days for making verbal threats to supervisor**, disruptive conduct, disruptive attitude, assaults to co-workers
- ▪ 3/21/02 – 10 days for disruptive conduct, insubordination, offensive conduct, offensive language, **threats to supervisor**
- ▪ 2/15/05 – 3 days for insubordination, gross misconduct, temperamental outbursts, **vicious verbal attacks towards supervisor**, uncontrolled verbal behavior
- ▪ 11/30/07 – 3 days for offensive conduct, offensive language
- ▪ 1/12/12 – 1 day for insubordination, outbursts, **verbal attack towards supervisor**, disruptive behavior
- ▪ **These violent uncontrollable outbursts include assaulting fellow employees, damaging city equipment/property, throwing tools at employees, making racial remarks towards employees, chasing an employee with a pipe, and threatening to get a pistol and shoot a fellow employee.**

---

**Augusta Chronicle Theron Wilson 2015 Shot by Fellow Recreation Employee Ed Willie Jordan.docx**
42 KB

**Augusta Chronicle Theron Wilson 2012.docx**
46 KB

**Rec Employee Shoots another Employee May 12, 2015.docx**
84 KB

---

Fwd: Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746

**From :** mbpearson1@comcast.net                                    Mon, May 11, 2015 08:21 PM

**Subject :** Fwd: Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Mr. Torres,

I have just been provided with a summary of an investigation that the City of Augusta conducted of me for alleged violations in 2011. I would like to take this opportunity to let you know that I requested this "investigation" through an Open Records request through the Law Department of the City of Augusta in 2011. My reply at that time was that no documentation was available and therefore they (the City of Augusta) were not required to provide anything. I find it quite suspicious that the City of Augusta has waited almost three years to present "false accusations" against me in an effort to not only hinder my ability to vindicate myself but maliciously violate the color or the Open Records Law to hide the collusion and corruption that takes place in the City of Augusta, Georgia.

I would simply state that we have requested materials through Rule 26 Discovery and still have not received everything that we requested of the City of Augusta, Georgia. Furthermore, we have obtained sworn testimony through depositions that refute the false and trumped up allegations made against me by the City of Augusta. I am prepared to offer ample evidence that will prove that all allegations made against me were false and furthermore, were made maliciously and discriminately. These acts of discrimination involve not only employees at the non-exempt levels, but also those including those individuals in positions such as the City Administrator and Assistant City Administrator. To give you an example, both the City Administrator and his Assistant City Administrator (who simultaneously held the Interim positions of Recreation Director and Human Resources Director) presided over my appeal hearing, thereby eliminating any possibility of due process. I am only interested in justice for not only myself but for the thousands of employees that still endure improprieties suffered at the hand of City Hall in Augusta, Georgia. I am anxious to sit down with you and your staff to answer any questions that you may have regarding my charges against the City of Augusta, prior to you making any conclusions or rulings. Thank you again for your due diligence and I look forward to hearing from you soon!

Sincerely,

Melinda Beazley Pearson
(706) 836-8287
mbpearson1@comcast.net

---

**From:** mbpearson1@comcast.net
**To:** "DIEGO TORRES" <diego.torres@eeoc.gov>
**Sent:** Friday, March 27, 2015 2:17:56 PM
**Subject:** Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746

March 27, 2015

Mr. Diego Torres
Investigator
E.E.O.C.
Savannah Local Office
410 Mall Blvd., Suite G
Savannah, Georgia 31406
Phone: (912) 652-4448
Fax: (912) 652-4248
E-Mail: diego.torres@eeoc.gov

Reference:     Melinda Beazley Pearson, EEOC Charges: 410-2013-00406
        & 410-2013-02746

Mr. Torres,

First of all, thank you for calling me yesterday. I know you are very busy and it meant a lot that you took time out of your schedule to speak with me.

I realize that this particular case is very complex. There are so many facets of discrimination taking place within the City of Augusta government. This case involves so many people ranging from the everyday employees all the way up through the administrators and mayor and city commissioners. Not only do I have proof of discriminatory actions, I can clearly show a conspiracy that reaches beyond the normal act of discrimination. There are Caucasian employees in supervisory and management positions involved in this case that have manipulated and orchestrated African American employees to revolt, lie, cheat and steal as they discriminate against other employees which certainly involved me.

I am sure that you have heard the expression that "You can't fight City Hall," well, I am only one person. I am faced with city officials that lie, conspire and refuse to comply with policy & procedures and law. I am of the belief that "the system" is in place to help people that are discriminated against and publicly humiliated. I have tried following the rules and procedures that are expected of an honest person. I have literally been tortured emotionally, physically hurt and devastated financially with what the City and some of its employees have done to me. As we have begun to conduct depositions, I can't begin to describe how hard it is to sit across a table and listen to how people conspired to get rid of me. The City certainly has not looked out for my rights of due process, nor protected me from being subjected to so many types of discrimination.

Due to the complexity of this case, I am respectively requesting to meet with you and the "EEOC team" (legal staff, etc.) to help answer any questions that may arise as you evaluate my charges against the City of Augusta. Furthermore, you (the EEOC) have an opportunity to make a huge impact upon a corrupt municipal government that regularly discriminates against its employees. I have had so many employees begging me for information, asking when the EEOC is going to step in and help.

I hope that your organization finds the evidence that I have presented substantial enough to realize that

"the EEOC" can step in and address the improprieties that take place daily within the City of Augusta government and make our city a much better place, functional and progressive. The City's attitude is that of "David and Goliath" and that they can simply run over me. I know in my heart that the EEOC can help make a difference by addressing this matter themselves.

Finally, I know this has been a long process. You have treated me with compassion and respect during our conversations. I simply want to say that I appreciate you and hope you have a nice weekend. I will look forward to speaking with you soon. Thank you!

Sincerely,

*Melinda Beazley Pearson*

Melinda Beazley Pearson
765 Wando Drive
North Augusta, South Carolina 29841
mbpearson1@comcast.net
(706) 836-8287 cell phone

---

**Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746**

**From :** mbpearson1@comcast.net                          Tue, Apr 28, 2015 06:01 PM

**Subject :** Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746

    **To :** DIEGO TORRES <diego.torres@eeoc.gov>

    **Bcc :** John P. Batson <jpbatson@aol.com>

Dear Mr. Torres,

Thank you so much for returning my call today. I forgot to mention that the City of Augusta just sent a letter making numerous false accusations against me, to which I just received this past Saturday (April 25, 2015). This letter details their deliberate attempt to discredit me through false accusations to which I can dispute by written documentation. I cannot emphasize enough how employees were placed under duress and coerced into making false statements against me for fear that they would lose their jobs. I have since had some of these same very people deposed and they have spoken under oath how the City of Augusta treated them so badly that they feared for their jobs.

More importantly, I have documentation to prove that I asked for this very document, one that details their version of their investigation (3) years ago. I have a written response from three years ago that states that these documents did not exist and therefore they didn't have to provide this information to me and now some of these false allegations have miraculously appeared. Due to the time constraints that we are underneath with the local court regarding FMLA and FLSA litigation, the City has purposely (in my humble opinion) waited this long to provide documents that they swore didn't exist while I am running out of time to produce evidence under Rule 26 Discovery as it pertains to this particular lawsuit.

Furthermore, I find it awful coincidental that the City is now producing documents that I have formally requested underneath the Georgia Open Records Law years ago, and now the City is beginning to slowly produce limited information in an obvious attempt to hamper my ability to vindicate myself and provide me the due process that our Constitution provides for. I assure you that I have written documents to refute any and all false accusations made against me by the City of Augusta and implore you to meet with me to allow me the chance to prove to you that I have been wrongly targeted and conspired against so that someone else could move into my position.

I have additionally provided you with records in the past that clearly show that an African American employee has repeatedly made verbal threats to kill employees, including a recent threat to kill her Caucasian Deputy Director, numerous cases whereupon she assaulted employees and she remains to be a City employee. This employee has received little if no disciplinary action for her violent workplace outbursts. You yourself even remarked that you couldn't believe she still had a job based upon her disciplinary record (one that I have provided you before in the past). This is a clear case of race discrimination as it pertains to unfair disciplinary practices by the City of Augusta. I can literally prove that there was a planned conspiracy committed against me that not only severely physically injured but also wrongfully terminated me.

I respectively request that you meet with me to allow me the opportunity to present my case to you and answer any questions that you may have of me before you make any determination as to which direction your Agency proceeds forward with my charges. I am prepared to provide you with additional written proof that clearly supports my case, to include sworn testimony in the form of depositions that has already been taken as of this time. I feel that I have been discriminated against regarding my pay, wrongful termination, racially discriminated against, discriminated against through my gender, not provided due process, subjected to a hostile work environment, retaliation and discriminated against underneath the color of the Americans with Disabilities Act.

As stated before, I know this case is huge but this case not only affects myself but those of hundreds, if not thousands of employees that are subjected to inconsistent application of policy, illegal and unethical practices, and corruption. I am respectively requesting that your Agency take this case and proceed forward with litigation against the City of Augusta so that it can hopefully change the travesties that continue to hurt and devastate employees and to provide these same very employees with safe and equal employment rights with the City of Augusta. My case is very well known by many employees throughout the City and they literally have called me repeatedly begging, asking when the EEOC is going to step in and help them with what horrific work conditions that they are being subjected to by the City of Augusta Government.

Thank you again for your consideration and I look so very forward to hearing from you soon!

Sincerely,

Melinda Beazley Pearson
(706) 836-8287
mbpearson1@comcast.net

---

**Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746**

---

**From :** mbpearson1@comcast.net                                                      Fri, Mar 27, 2015 02:17 PM

**Subject :** Melinda Beazley Pearson, EEOC Charges: 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

**Bcc :** John P. Batson <jpbatson@aol.com>

March 27, 2015

Mr. Diego Torres
Investigator
E.E.O.C.
Savannah Local Office
410 Mall Blvd., Suite G
Savannah, Georgia 31406
Phone: (912) 652-4448
Fax: (912) 652-4248
E-Mail: diego.torres@eeoc.gov

Reference:     Melinda Beazley Pearson, EEOC Charges: 410-2013-00406
     & 410-2013-02746

Mr. Torres,

First of all, thank you for calling me yesterday. I know you are very busy and it meant a lot that you took time out of your schedule to speak with me.

I realize that this particular case is very complex. There are so many facets of discrimination taking place within the City of Augusta government. This case involves so many people ranging from the everyday employees all the way up through the administrators and mayor and city commissioners. Not only do I have proof of discriminatory actions, I can clearly show a conspiracy that reaches beyond the

normal act of discrimination. There are Caucasian employees in supervisory and management positions involved in this case that have manipulated and orchestrated African American employees to revolt, lie, cheat and steal as they discriminate against other employees which certainly involved me.

I am sure that you have heard the expression that "You can't fight City Hall," well, I am only one person. I am faced with city officials that lie, conspire and refuse to comply with policy & procedures and law. I am of the belief that "the system" is in place to help people that are discriminated against and publicly humiliated. I have tried following the rules and procedures that are expected of an honest person. I have literally been tortured emotionally, physically hurt and devastated financially with what the City and some of its employees have done to me. As we have begun to conduct depositions, I can't begin to describe how hard it is to sit across a table and listen to how people conspired to get rid of me. The City certainly has not looked out for my rights of due process, nor protected me from being subjected to so many types of discrimination.

Due to the complexity of this case, I am respectively requesting to meet with you and the "EEOC team" (legal staff, etc.) to help answer any questions that may arise as you evaluate my charges against the City of Augusta. Furthermore, you (the EEOC) have an opportunity to make a huge impact upon a corrupt municipal government that regularly discriminates against its employees. I have had so many employees begging me for information, asking when the EEOC is going to step in and help.

I hope that your organization finds the evidence that I have presented substantial enough to realize that "the EEOC" can step in and address the improprieties that take place daily within the City of Augusta government and make our city a much better place, functional and progressive. The City's attitude is that of "David and Goliath" and that they can simply run over me. I know in my heart that the EEOC can help make a difference by addressing this matter themselves.

Finally, I know this has been a long process. You have treated me with compassion and respect during our conversations. I simply want to say that I appreciate you and hope you have a nice weekend. I will look forward to speaking with you soon. Thank you!

Sincerely,

*Melinda Beazley Pearson*

Melinda Beazley Pearson
765 Wando Drive
North Augusta, South Carolina 29841
mbpearson1@comcast.net
(706) 836-8287 cell phone

---

**Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746**

**From :** mbpearson1@comcast.net                                    Wed, Mar 25, 2015 09:38 PM

**Subject :** Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746          📎 3 attachments

   **To :** DIEGO TORRES <diego.torres@eeoc.gov>

   **Cc :** John P. Batson <jpbatson@aol.com>

Mr. Torres,

Please find additional attachments regarding the previous email. This should complete all attachments regarding the email today. Thank you for your patience and assistance. I look forward to talking with you soon.

Melinda

📄 **Items 15-17 depositions.pdf**
50 KB
📄 **Item # 97a.pdf**
47 KB
📄 **Item # 3.pdf**
1 MB

---

### Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

**From :** mbpearson1@comcast.net

**Subject :** Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

**Cc :** John P. Batson <jpbatson@aol.com>

Wed, Mar 25, 2015 09:11 PM

📎6 attachments

Mr. Torres,

Please see the attached documents referencing the previous email.

Melinda

📄 **Item # 65.pdf**
2 MB
📄 **Item # 126.pdf**
230 KB
📄 **Item # 45.pdf**
530 KB
📄 **Item # 10b.pdf**
380 KB
📄 **Item # 7.pdf**
856 KB
📄 **Item # 34.pdf**
3 MB

---

### Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

**From :** mbpearson1@comcast.net

**Subject :** Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

**Cc :** John P. Batson <jpbatson@aol.com>

Wed, Mar 25, 2015 09:02 PM

📎3 attachments

Mr. Torres,

Please find additional attachments regarding the previous email.

Melinda

📄 **Item # 104.pdf**
1 MB
📄 **Item # 6 cont. 03.pdf**
6 MB
📄 **Item # 93.pdf**
119 KB

---

### Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

**From :** mbpearson1@comcast.net

Wed, Mar 25, 2015 08:43 PM

**Subject :** Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

⬮2 attachments

     **To :** DIEGO TORRES <diego.torres@eeoc.gov>

     **Cc :** John P. Batson <jpbatson@aol.com>

Mr. Torres,

Please find additional attachments regarding the previous email.

Melinda

▣ **Item # 6 - 01.pdf**
[PDF] 3 MB
▣ **Item # 6 cont. 02.pdf**
[PDF] 1 MB

---

**Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746**

---

**From :** mbpearson1@comcast.net

Wed, Mar 25, 2015 08:41 PM

**Subject :** Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

⬮3 attachments

     **To :** DIEGO TORRES <diego.torres@eeoc.gov>

     **Cc :** John P. Batson <jpbatson@aol.com>

Mr. Torres,

Please find additional documents attached regarding the previous email.

Melinda Pearson

▣ **Item # 2.pdf**
[PDF] 2 MB
▣ **Marilyn Newton Deposition (highlighted).pdf**
[PDF] 5 MB
▣ **Index of Deposition Items.docx**
  18 KB

---

**Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746**

---

**From :** mbpearson1@comcast.net

Wed, Mar 25, 2015 08:36 PM

**Subject :** Melinda Beazley Pearson EEOC Charges: 410-2013-00406 & 410-2013-02746

⬮2 attachments

     **To :** DIEGO TORRES <diego.torres@eeoc.gov>

     **Cc :** John P. Batson <jpbatson@aol.com>

March 25, 2015

Mr. Diego Torres
Investigator
E.E.O.C.
Savannah Local Office
410 Mall Blvd., Suite G
Savannah, Georgia 31406
Phone: (912) 652-4448
Fax: (912) 652-4248

E-Mail: diego.torres@eeoc.gov

Reference:      Depositions Melinda Beazley Pearson, EEOC Charges: 410-2013-00406
        & 410-2013-02746

Mr. Torres,

## ***MORE DOCUMENTS TO FOLLOW IN EMAILS DUE TO SIZE LIMITATIONS***

On February 24, 2015, three depositions were conducted regarding my complaint against the City of
Augusta for violations of FMLA, FLSA and Failure to Provide Due Process. In the interest to keep you
informed of those events currently taking place, I have prepared a brief "bulleted" synopsis of what
transpired during these depositions. Please keep in mind that there are other depositions scheduled in
the near future that will further support my claims against the City of Augusta. I have also attached
copies of the depositions (as well as the respective exhibits) prepared by a professional court reporter.
For your reference, I have highlighted numerous aspects of these depositions that identifies important
testimony supporting my EEOC charges. During these depositions, I (Melinda Beazley Pearson), my
current attorney (John P. Batson, P.O. Box 3248, Augusta, GA 30914, 706-737-4040,
jpbatson@aol.com ), the City Attorney (Jody Smitherman), Court Reporter (Sybil B. Coody, Prestige
Reporting, LLC) and the respective witness were present.

- Three City employees (two African American females and one Caucasian female), each of
  whom served in a payroll administration position with Augusta Recreation have all provided
  sworn testimony that coincides with written documentation that supports my argument that the
  City of Augusta (particularly the Augusta Recreation Department) has allowed exempt
  employees to utilize compensatory time on a regular and even continued basis.

- These same witnesses each testified that the practice of allowing exempt employees to use
  compensatory time still exists, except now it is simply referred to as "unscheduled time" and
  written records of compensatory time are routinely "not kept" in an obvious attempt to remain
  covert about this practice.

- Witnesses testified that although I was a manager, I was subjected to perform manual labor on a
  regular basis, despite having been injured on duty and having extensive neck surgery and
  shoulder injuries.

- Testimony also reveals that the Deputy City Administrator, Bill Shanahan (who simultaneously
  held the positions of Interim Human Resources Director and Interim Recreation Director)
  personally intervened in my use of FMLA use by circumventing the advice from the physician
  assigned to me by the City of Augusta treating me for a work related injury (requiring major
  back surgery) and terminated my employment without allowing me to complete the treatment
  regimen ordered by my physician. This same individual, Bill Shanahan, served as an acting
  authority during my appeal hearing, further denying me of any hope of due process to vindicate
  myself from the discriminatory acts that were being taken against me.

- Further testimony (highlighted throughout these very depositions  for your reference) defines a conspiracy by several employees (to include but not be limited to, Misty Sroczynski, Sam Smith, Bill Shanahan, Ron Clark, and Onajuanita Foster) that details how these employees destroyed city records and made false allegations against me so that a Caucasian male (Sam Smith) could advance into the manager position that I once held. This same individual (Sam Smith) and the whistleblower (Misty Sroczynski, who falsely made these "whistleblower" allegations) engaged in an intimate relationship and ultimately have become husband and wife as "Misty" orchestrated this conspiracy to advance her lover. Since making these false allegations against me, Misty Sroczynski Smith has received $8,309.94 ($40,066.96 up to $48,476.90 annually) in annual raises. Sam Smith's pay has also increased $7,898.51 ($43,001.95 up to $ 50,900.46 annually) since this incident.

- Testimony includes an exempt employee of Augusta Recreation (Ron Houck) who falsified a document stating that exempt employees do not accrue compensatory time. Documents were provided and identified that show this individual, Ron Houck, not only utilizing multiple consecutive compensatory days as an exempt employee but also taking time off from work while indicating that he was working (falsely reporting his time). I was falsely accused of time card fraud and this individual, Ron Houck (Caucasian male exempt employee) was Deputy Director of Augusta Recreation at the time he made this false statement against me and has since been promoted to the position of Interim Director of Augusta Recreation. The City of Augusta (Law Department, City Administrator and commission) has been informed of this theft and has refused to take any action against this Director Ron Houck. Instead, Ron Houck has received a substantial raise in salary since falsifying these records ($25,158.74 increase; $55,341.26 increased to $80,500 annually).

- In another attached deposition taken from the City Administrator Fred Russell (at the time of my employment), documents testimony that Fred Russell singled me out for using a Department approved policy of utilizing compensatory time, despite acknowledging that he had knowledge of other exempt manager using compensatory time themselves and refused to take any action against these other managers, boldly refusing to investigate other alleged violations (see page 43 of his deposition). This same Administrator (Fred Russell, who is no longer employed with the City of Augusta) has made several unwanted sexual advances to me in a manner in which I felt entirely inappropriate for an administrator to be approaching a subordinate. I feel like his actions are retaliatory for me not accepting his advances.

- Utilizing Fred Russell's own testimony in the attached deposition on pages 54-56, states that Mr. Russell acknowledged that I attempted to comply with City Policy but he chose to ignore this very policy and still took inappropriate and discriminatory administrative action against me.

- Fred Russell is also identified during sworn testimony as being very friendly with Misty Sroczynski (Smith) and has traveled on numerous private trips with Misty during her employment with the City of Augusta.

I have made numerous attempts to obtain information to vindicate myself through the Georgia Open Records Act (Freedom of Information) but I have only succeeded in receiving limited information from the City of Augusta government. As you have seen by being provided emails that I have written the City of Augusta's Law Department, City Administrator and Department Heads, I have repeatedly been simply ignored and even lied to by this governmental entity. Furthermore, as we have discussed in the past, I presented a detailed appeal packet to the City of Augusta Administration (City Administrator and Human Resources), each commissioner and the mayor and received no assistance with the acts of discrimination that have been taken against me.

Once again, thank you for your assistance with regards to my complaint against the City of Augusta. As I am sure you are well aware of, this matter has impacted my life beyond what I ever imagined. It is my deepest hopes that your Agency finds cause to support my charges against the City of Augusta and further intervenes by taking action yourselves to pursue litigation in hopes of preventing further discriminatory practices by this city government.

Sincerely,

*Melinda Beazley Pearson*

Melinda Beazley Pearson
765 Wando Drive
North Augusta, South Carolina 29841
mbpearson1@comcast.net
(706) 836-8287 cell phone

**PDF Lisa Hall Deposition (highlighted).pdf**
7 MB
**PDF Tonia Mason Deposition (highlighted).pdf**
3 MB

---

**Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746**

---

**From :** mbpearson1@comcast.net

Sun, Mar 08, 2015 07:41 PM

**Subject :** Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

*2 attachments

**To :** DIEGO TORRES <diego.torres@eeoc.gov>

Mr. Torres,

Here is another incident detailing an African American Male (Chester Wheeler), who was a director for the City of Augusta that was allowed to resign and draw 6 months of salary as severance, despite not being held accountable for thousands of dollars (even millions) that are missing and/or misused. The City is obviously covering up some type of conspiracy, yet they terminated me for alleging that I used four days of comp time against policy! Please see the attached media article, it's pretty obvious what is happening.

Melinda Beazley Pearson
(706) 836-8297
mbpearson1@comcast.net

**Chester Wheeler Funds Unaccountable.docx**
38 KB
**Chester Wheeler.docx**
48 KB

---

**Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746**

---

Exhibit 10 P. 20

**From :** DIEGO TORRES <DIEGO.TORRES@EEOC.GOV>        Mon, Feb 23, 2015 12:38 PM

**Subject :** Re: Melinda Beazley Pearson EEOC Complaints 410-2013-00406 & 410-2013-02746

    **To :** mbpearson1@comcast.net

Dear Ms. Pearson,

I have received your additional information. Thank you for your cooperation and patience. I will be contacting you hopefully within the next three to four weeks.

Thank you,

Diego Torres
Investigator
E.E.O.C.
Savannah Local Office
410 Mall Blvd., Suite G
Savannah, Georgia 31406
Phone: (912) 652-4448
Fax: (912) 652-4248
E-Mail: diego.torres@eeoc.gov  >>> <mbpearson1@comcast.net> 2/18/2015 2:20 PM >>>
February 18, 2015

Dear Mr. Torres,

I am writing this letter not only to keep you posted on the continued discriminatory acts that take place within the Augusta Richmond County Government but also to report the hostile work environment that continues to exist at the Recreation Department. During our meeting in April 2014, one of the topics that we discussed addressed the hostility and threat of violence that I faced from one African American employee (Millie Armstrong). Not only did she tell me that she wasn't working for "no white woman," she also threatened to put me in a choke hold. Despite my pleas for help from the administration, I received no help. I vividly remember the expression on your face and subsequent comment about how this particular individual still had a job. I have consolidated Ms. Armstrong's personnel file (disciplinary) below but have also attached her entire file that details each of these events at length.

What is troublesome is that just recently, Millie Armstrong (African American female) threatened to kill her Deputy Director (Gary Hegner, Caucasian male) at Augusta Recreation. Despite Mr. Hegner's demands to have this employee disciplined, his director and the City of Augusta refuses to act upon this workplace threat of violence.

Obviously this type of action is important to me not only because of my EEOC complaints that I have against the City of Augusta but also morally as I am trying to prevent a tragedy from taking place by reporting an incident of threats of workplace violence. I provided a request (Freedom of Information) through the Augusta Law Department (see attached) and the City informed me that they had no information regarding any threats this employee had made against her supervisor. This was the second time that I made such a request and the City has continued to be untruthful with me regarding Ms. Armstrong. I have personal information that the City met in the City Administrator's office at 3:00 pm on Friday, February 13, 2015 to discuss Ms. Armstrong's actions and Mr. Hegner's complaint against this employee. Those employees present included the following personnel:

Steve Cassell – Interim Deputy City Administrator
Jody Smitherman – Senior Staff Attorney, Law Department
Ron Houck – Interim Director of Recreation, Parks & Facilities
Joe Crozier – Risk Management

Director Houck met with Deputy Director Hegner on Monday, February 16, 2015 and informed him

that no action would be taken against Ms. Armstrong.

Obviously the City of Augusta tolerates employees to act inappropriately on a routine basis. I know that you and your Department are on the cusp of reviewing my complaints against the City of Augusta. I am asking that you not only use this information as further evidence of wrongdoing by the City of Augusta but also step in as an outside Federal Organization that can help prevent a powder keg from exploding where someone gets seriously hurt or killed.

**This is an extremely important issue and I ask that you respond to my request acknowledging receipt. I need to know that you as an agent of the EEOC is notified in hopes that you can help not only myself but hopefully change the discriminatory and hostile work environment that exists with the City of Augusta, Georgia. Thank you!**

Melinda Beazley Pearson
mbpearson1@comcast.net
(706) 836-8287

- **Millie Armstrong Armstrong's (African American ) Personnel File** (see Item # 59)
  - o Threats of violence towards co-workers – 1/2/83, 7/16/98, 12/13/00, 1/9/01, 1/2/02, 3/14/02, 3/15/02, 3/20/02, 3/27/02, 4/27/02, 1/20/05, 1/24/05, 2/14/05, 3/14/05, 7/28/05
  - o Assaults against co-workers – 5/23/83, 3/14/84, 8/14/98, 1/17/01, 7/8/01, 7/18/01, 11/21/01, 11/29/01, 1/20/05, 7/28/05
  - o Outbursts of Profanity – 5/23/83, 1/16/01, 1/19/01, 7/16/01, 11/21/01, 11/26/01, 11/29/01, 1/20/05, 1/24/05, 11/26/07, 11/27/07, 11/28/07
  - o Racial Slurs – 1/2/83, 7/16/01, 11/21/01, 11/26/01, 11/28/01, 3/14/02, 3/20/02, 3/27/02, 11/28/07
  - o Disruptive Conduct – 1/2/83, 8/6/98, 8/7/97, 8/7/98, 1/17/01, 7/17/01, 7/30/01, 1/2/02, 3/15/02, 4/27/02, 1/24/05, 1/24/10
  - o Disruptive Behavior – 1/24/83, 5/23/83, 3/14/84, 8/19/91, 11/12/01, 11/21/01, 11/26/01, 11/29/01, 1/2/02, 3/20/02, 11/3/04, 1/20/05, 2/1/05, 2/14/05, 11/27/07
  - o Disruptive Attitude – 6/1/99, 10/27/99, 1/19/01, 11/20/01, 3/15/02, 3/20/02, 1/20/05, 2/14/05
  - o Insubordination – 1/24/83, 5/23/83, 3/16/84, 5/23/98, 7/17/01, 11/26/01, 3/15/02, 3/20/02, 3/27/02, 4/27/02, 1/20/05, 2/14/05, 3/15/05, 9/26/05, 1/24/10
  - o Suspensions
    - ▪ 3/14/98 – 5 days for disruptive conduct
    - ▪ 8/14/98 – 5 days for disruptive conduct, threats to co-worker, 2nd incident with co-worker
    - ▪ 7/31/01 – **5 days for making verbal threats to supervisor**, disruptive conduct, disruptive attitude, assaults to co-workers
    - ▪ 3/21/02 – 10 days for disruptive conduct, insubordination, offensive conduct, offensive language, **threats to supervisor**
    - ▪ 2/15/05 – 3 days for insubordination, gross misconduct, temperamental outbursts, **vicious verbal attacks towards supervisor**, uncontrolled verbal behavior
    - ▪ 11/30/07 – 3 days for offensive conduct, offensive language
    - ▪ 1/12/12 – 1 day for insubordination, outbursts, **verbal attack towards supervisor**, disruptive behavior
    - ▪ **These violent uncontrollable outbursts include assaulting fellow employees, damaging city equipment/property, throwing tools at employees, making racial remarks towards employees, chasing an employee with a pipe, and threatening**

**to get a pistol and shoot a fellow employee.**