## Letters

**Melinda Pearson**

**Sent:** Friday, April 13, 2012 12:25 PM
**To:** Bill Shanahan
**Attachments:** Meeting with Mr. Stroud.docx (25 KB) ; SKMBT_22312041311170.pdf (443 KB) ; SKMBT_22312041311130.pdf (5 MB) ; SKMBT_22312041311160.pdf (1 MB) ; SKMBT_22312041311230.pdf (2 MB)

Here is the letter that you referenced this morning. I have also attached a few documents that support the circumstances that I had to deal with on a daily basis.

March 6, 2012

Mr. Tom Beck
Director, Augusta Recreation/Parks/Facilities

Reference:    Recommendation to Terminate Mr. Sam Smith

Mr. Beck,

I realize that this recommendation might appear to be untimely but I am continuing to
have a severe insubordination issue with Mr. Sam Smith. I have made numerous attempts to
explain the "team concept" with our Department with Mr. Smith, offer guidance, constructive
criticism, issued written reprimands, and suspensions, and Mr. Smith still refuses to comply with
simple, yet necessary duties needed to accomplish the mission of the Department.

At your direction, I issued Mr. Smith a written task list Monday, March 05, 2012. Mr.
Smith signed this document understanding the following statement:

> "I, Sam Smith, am in receipt of the following task assignments and understand
> that they are in addition to my routine daily activities both of which are within the scope
> of duties of the Operations Supervisor. I also understand that I am to meet with the
> Operations Manager daily at 2:00 pm at the Shop (unless otherwise authorized by your
> immediate supervisor) to discuss the results of your activities to assist you with preparing
> for future tasks."

Mr. Smith, who is a probationary employee, was just issued a written reprimand and two
separate suspensions, all stemming from separate incidents and being consistent with the
disciplinary process spelled out in our City Policy and Procedures Manual.

- On January 10, 2012, Mr. Sam Smith was given a letter of reprimand for insubordination
  for neglecting his duties within the scope of the Operations Division of Augusta
  Recreation, Parks, and Facilities. Mr. Smith has failed to improve upon these
  shortcomings and was suspended for Neglect of Duty and Insubordination on February
  27th & 28th respectively for separate incidents (one day for neglect of duties for failing to
  report a missing city radio, complete an incident report and notify his immediate
  supervisor of this loss; and one day of insubordination for failure to meet with me after
  repeated requests – 5 separate requests in one day).

  Examples of Mr. Smith's shortcomings that documented his continued disregard
  to use his time productively while on duty. GPS records indicated a pattern of
  unauthorized stops, idle time, and poor use of city equipment (vehicle).

In addition to these incidents, Mr. Smith failed to be a productive supervisor by not accomplishing tasks in a timely manner (or not at all), failing to be assertive by promoting team play, nor taking initiative with providing tasks for his assigned personnel and following up with these tasks out in the field with his subordinates. His actions promote a dysfunctional and counterproductive environment. Up to this point, I had spoken with Mr. Smith on numerous occasions regarding his lack of performance. Mr. Smith has been counseled that our Department operates as a "team" and that he needs to do his part to not only utilize the training that he has acquired in the past but to also learn the operational functions of the Augusta Recreation, Parks, and Facilities Department. Mr. Smith has continued to be evasive regarding his day-to-day activities despite being counseled about his continued lack of communication with me. I feel that Mr. Smith's actions are intentional in an attempt to be covert and perform as little work as possible and particularly not be held accountable for his actions. Mr. Smith's lack of compliance reflects defiance to the mission of the Division and Department.

On February 6th, I addressed these issues with Mr. Smith again. Mr. Smith, who was scheduled to begin vacation on February 9th, requested to begin his vacation on February 8th early. This vacation was approved but I sent Mr. Smith an email (that he was instructed to address before he left work that day) that instructed Mr. Smith to advise me of the following:

> "Mr. Smith,
>
> I need a list of activities *(in writing)* that you will have going on while you are on leave. <u>This includes ALL pending and active duties!</u> You are also to have your city cell phone and office phone forwarded to our shop (706-796-4082), prior to you leaving today, so we can properly respond to the needs of the Division. I also expect you to insure that your e-mail is set up to properly respond with a response that you will be out of the office until February 21st and that should the inquiring party need assistance, they can call our shop at 706-796-4082. Thank you for your cooperation and I hope you enjoy yourself while on vacation."

Mr. Smith did not comply with this e-mail prior to leaving that day but did reply on the first day of his vacation to this e-mail (see attached, dated February 8th) and referenced that all of his tree commission and planning commission meetings had been referred to Mr. Derek Vanover while he was away.

Upon receiving this e-mail, I contacted Mr. Derek Vanover and asked him to please include me in on any inspections or meetings so that I could become more familiar with these activities as our Division had merged with Trees and Landscaping. When told that Mr. Smith had said that Mr. Vanover would handle Mr. Smith's obligations while Mr. Smith was on vacation, Mr. Vanover was surprised and unaware of this responsibility as he too was leaving to go to the Bahamas because his father was ill while Mr. Smith was on vacation also.

4

In Mr. Smith's e-mail, he referenced not having a chance to do a requisition ("because I just plain forgot") for some pine straw or hardwood mulch to be spread on the newly planted areas. Mr. Smith said that he intended to procure a lot of pine straw upon his return to that it could be applied at many of the former T&L locations.

While Mr. Smith was on vacation, I checked with Ms. Dean regarding their needs for pine straw and mulch to assist Mr. Smith with the project that he referenced in his e-mail. Ms. Dean (Mr. Smith's assistant) said that they had no "newly planted areas" that required this material and that they would not be planting again until after the Masters, late April or the first part of May.

- While Mr. Smith was on vacation, I received a call from Star One Supply advising me that Mr. Smith was supposed to have returned by this time and conduct an inspection to regarding compliance to trees and landscaping codes. Mr. Smith failed to mention this in his e-mail that I requested. I informed Star One Supply that Mr. Smith was on vacation and that he would be out on their site on February 21st to fulfill this inspection (this was completed on 02/21/12).

- On February 21, 2012, Mr. Smith came into work out of uniform again. After I issued assignments to staff personnel this morning and left, I overheard heard Mr. Smith talking with trees and landscaping personnel informing them that they had some new responsibilities that they were going to have to take care of. I stepped back into the doorway and inquired to Mr. Smith about what new areas of responsibility that they were going to be handling. Mr. Smith replied "just some medians on the highway that we were going to have to take on." When asked about the specific locations, Mr. Smith was again evasive about these locations. Mr. Smith was informed that I would have Mr. Smith show me these locations on February 22nd. Mr. Smith called in sick on February 22nd and has since failed to make any attempt to show me these locations of responsibility. I informed Mr. Smith that this was another example of being evasive and defiant about keeping me informed about projects taking place within the Division.

At 11:30 am, Mr. Smith left his city vehicle at the shop and left in his personal vehicle. Mr. Smith did not return to the shop until approximately 3 pm. Mr. Smith has been informed on numerous occasions that he is not to use his personal vehicle for city use (this was also issued to him in writing on July 12, 2011, January and February 2012). Mr. Smith has remained defiant on this matter and continues to disregard this instruction. When questioned about this matter, Mr. Smith said that he took his lunch and then tried saying that he received a call from a "friend" and went down to the Augusta Commons, continued by saying that he is just getting back. This is another example of Mr. Smith's attempt to be elusive as I learned that he purposely left his city vehicle in the shop yard for other personnel (Anthony Smith) to use.

Mr. Smith has a documented history of not conducting city business and not being productive while on duty. He has repeatedly been informed that he does not have the luxury to make his own decisions that routinely violate city/department procedures. This

5

particularly applies to not using his assigned city vehicle at his own discretion. As a result of Mr. Smith's non-conformance with this particular matter, Mr. Smith has no manner in which to assist himself by documenting his whereabouts, particularly as they apply to his work assignments.

Mr. Smith's failure to maintain an open line of communication with his manager and failure to comply with his assigned duties continues to be a problem. I would remind Mr. Smith that our Department operates under a team concept and that communication is a vital link to this effort.

- On February 21st, I received an e-mail from Mr. Beck regarding a project that we had been obligated to in "Olde Town" regarding mulching around some newly planted trees. Upon speaking with Mr. Smith about this project on February 21st, Mr. Smith was evasive about the trees planted in "Olde Town" but did say that he knew what trees needed mulching but also said not to pay a lot attention to Mr. Ayr (past president of Olde Town) and that he had not forgotten about the trees. Mr. Smith called in sick on Wednesday, February 22nd. On Thursday, February 23rd, I instructed Mr. Smith to order the mulch for the trees in Olde Town so this project could be completed as instructed by our Director by the middle of the following week. As of March 6th, Mr. Smith never placed this order, nor did he make any attempt to complete this project. I made sure that this obligation was fulfilled on February 29th. While on site, I met with Mr. Ayr and learned that Olde Town was promised 25 trees on the lower part of Broad and Greene Streets. The understanding was that these trees were to be planted at a rate of (5) five trees per month starting October 2011. As of February 29th, only (11) eleven trees have been planted. Mr. Smith never informed me of this obligation and he was directly involved in the trees and landscaping commission process that obligated our Department to this project. Upon speaking with Mr. Smith about this matter on March 5th, Mr. Smith replied that this was our obligation but that we "just didn't make it." Upon asking why, Mr. Smith replied, "Just didn't do it!" He further added that he had planted (5) trees in November, (6) in December, January…budget problems, just didn't get it done, February, "that's when I take vacation." I asked Mr. Smith if he thought this was an acceptable answer and he replied, "That's my answer." Upon asking why he had not fulfilled this obligation, or why he had not completed this project he replied, "No, just couldn't get it done." When asked when this project would be completed, Mr. Smith said this October 2012 that he would start again. This thought process by Mr. Smith shows a clear disregard for the obligations of the Department and places his own vacation at the forefront of his priorities.

- Failure to wear his uniform – On February 21, 2012, Mr. Smith was re-issued his list of duties along with future goals. He has been given these instructions in writing on three separate occasions. Mr. Smith additionally failed to wear his uniform on February 22 – 24, March 5 – 6, 2012. Mr. Smith was informed prior to leaving on vacation that he was

to report to work in uniform. In this list of instructions (see attached), Mr. Smith was informed on page 1, item #2:

> *"You are to be in your assigned county/department uniform while on duty at all times unless otherwise approved by your manager."*

- Failure to neither become familiar with all of his duties as associated with his job description, nor act in the best interest of the Department as stated on page 1, item #3 of. Mr. Smith told our assistant (Renee Kaufman) on March 5, 2012 "F--k it! Y'all can go ahead and just fire me, I'm about at that point," after Mrs. Kaufman emailed Mr. Smith to have all of his personnel turn in their keys at the end of the day to insure that keys were being properly secured. Mr. Smith only turned in his keys and failed to have his personnel turn in their keys as instructed per Mrs. Pearson. On March 6th, I personally instructed Mr. Smith to insure that all vehicle keys from the shop were to be secured before leaving. Mr. Smith failed to complete this task.

> *"You are to be familiar with all of your duties as associated with your job description and act in the best interest of the Department while performing these duties."*

- Mr. Smith uses profanity on a daily basis in front of Department personnel and is not compliant with page 2, item #12 of these instructions. Mr. Smith told our assistant (Renee Kaufman) on March 5, 2012 "F--k it! Y'all can go ahead and just fire me, I'm about at that point," after Mrs. Kaufman emailed Mr. Smith to have all of his personnel turn in their keys at the end of the day to insure that keys were being properly secured.

> *"Refrain from using profane language."*

- Failure to stay on task and follow direction from your manager as stated on page 1, item #3 of these same instructions. Mr. Smith has already been suspended for insubordination and has remained defiant towards me with regards to accepting direction. This includes failure to meet with me as directed and keeping me abreast of activities as they pertain to the Department.

> *"You are to stay on task (as assigned by your manager) at all times. You are not to deviate from these tasks without approval from your manager."*

- Mr. Smith scheduled two separate meetings last week (one while he was suspended and one while on vacation) and conducted Department business without notifying me about these activities.

> One of these activities included conducting City/Department business with Poteet Landscaping (while out of work suspended, February 27 - 28, 2012), specifically dealing with the tree commission. I learned of this after we received a purchase order from Poteet Landscaping and spoke with Mr. Greg Poteet about the circumstances surrounding this purchase order. I have yet to be informed from Mr. Smith about his dealings/obligations with Poteet Landscaping. What I learned was that our Department had been obligated, prior to Mr. Smith going on vacation on February 8th, to complete a project with Poteet Landscaping. Mr. Poteet informed me that Mr. Smith advised that he was going to

7

complete this project when he returned from vacation on February 21st. Mr. Smith failed to complete this project. Mr. Poteet stated that he received a call from Mr. Smith that they would get together March 1st or 2nd to flag all locations for tree placement. I asked Mr. Poteet to be included in this meeting. Mr. Poteet stated that he would inform me of the meeting. Mr. Poteet later called me and told me that Mr. Smith had sent him a text message on March 1st advising that he had marked all of the tree locations for Monday, March 5th. When I learned of this project, March 1st, I insured that this project was completed on March 5th. Mr. Smith has yet to inform me of any correspondence that he has had with Mr. Poteet regarding this project, not even to let me know that this project existed.

Mr. Smith requested vacation to take off the remainder of the week (February 29 – March 2) and was approved for this time off. On March 6th, I discovered that Mr. Smith conducted Department business with the Augusta National on March 2nd (see attached email) without notifying me of any of these activities. Mr. Smith has yet to report this obligation/activity to me.

I only found out about these meetings by inquiring about projects through my own contacts. Mr. Smith has repeatedly been told to keep me abreast of any meetings that he is conducting, to include committing the any Department resources towards any project. This is in direct conflict with instructions given to Mr. Smith in writing on page 2, item #10:

> *"Keep your manager abreast with any meetings outside the Department (ie. Tree Commission) to insure that I too, learn about requirements of our Division."*

- After meeting with Mr. Smith Monday morning, March 5, 2012 (going over assignments), I instructed Mr. Smith to meet with me as soon as he had the crews in place. Mr. Smith failed to make any attempt to meet with me after the crews were in place. Later that afternoon, Mr. Smith failed to appear for a scheduled meeting with me at 2 pm in the Shop so that we could prepare for Tuesday's assignments. Mr. Smith made no attempt to call me (I was in the Shop warehouse). I learned that Mr. Smith had told Mrs. Kaufman to tell me that he wasn't going to make the two-o'clock meeting and then left.

This is in direct defiance of the instructions that I gave Mr. Smith earlier this morning. This is also consistent with the continued defiance that Mr. Smith has with being held accountable, especially to answering to me, his manager. Mr. Smith was just reminded about the chain of command and the importance of team play during our recent meeting.

When Mr. Smith did show up at the Shop (2:36 pm as indicated by GPS on his vehicle), I instructed Mr. Smith to check his email as I had sent him a request that needed immediate attention (before he left for the day). This email specifically asked why Mr. Smith blatantly disregarded the instructions that I gave him earlier in the day. Mr. Smith's explanation response was:

> *"I left a note with Renee to give you explaining that I hadn't been to McBean yet, as was depicted on my work order. I had hoped only to postpone our conversation when I returned from McBean, Lock and Dam, and Riverwalk which were depicted on the mornings work order. I also left notes in regards to other sites that should require attention before the Masters Tournament. I did mean to be insubordinate in any way whatsoever and offer my apologies."*

I realize that Mr. Smith made some "typos" in this email but simply quoted the email as written. Upon reviewing the GPS for Mr. Smith's travel (see attachment), I found that Mr. Smith could have easily made the meeting at 2 pm according to his travel time. Unfortunately, Mr. Smith chose to make a conscious decision to disregard my instructions so he could make a four (4) minute stop at the Marina as indicated by GPS.

I have made numerous attempts to try and have Mr. Smith work within the scope of the Department's mission. Mr. Smith has made no effort to work together with me, especially failing to communicate directly with me. This includes not even calling me directly to explain why he may be running late for our meeting so that I would know that he has a valid reason for not making the meeting on time.

## Table I   Recommended Guidelines For Disciplinary Actions

**LEGEND:**

| L | = | Letter of Warning | S | = | Suspension |
| W | = | Written Reprimand | T | = | Termination |

| Infraction | Category | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|---|
| Disregard for or willful failure to follow the written instruction or direction of a supervisor or higher authority | Insubordination | W | S/T | T | |
| Abusive verbal conduct directed at a supervisor within the employee's chain-of-command. | Insubordination | W/S | S/T | T | |
| Failure to work overtime, special hours, or special shifts or be on stand-by, as directed | Insubordination | W-S | S/T | T | |
| | | | | | |
| Violation of any Augusta, Georgia, department or division rule or directive | Neglect of Duty | L | W | S | T |
| Inability to perform up to accepted work standards | Neglect of Duty | L | W | S | T |
| Habitual tardiness, unscheduled absence (six (6) or more in a 180 day period), absenteeism, and/or abuse of leave privileges | Neglect of Duty | L | W | S | T |
| Willful neglect in performance of duties | Neglect of Duty | W/S | S/T | T | |
| Job abandonment for 3 consecutive scheduled workdays, or 2 consecutive 24-hour shifts. | Neglect of Duty | S/T | T | | |
| Leaving the assigned work area during regular working hours without permission or until relieved. | Neglect of Duty | L | W | S | T |
| Absence without approved leave, including failure to call in or report an absence to a supervisor the day the absence begins. | Neglect of Duty | W | S | T | |

All Rights Reserved

| Infraction | Category | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|---|
| Violation of traffic laws while operating Augusta, Georgia vehicle, i.e. speeding, running traffic control device, failure to yield, etc. | Neglect of Duty | L | W | S | T |
| Motor Vehicle Record review with 10 points or more – impact on driving privileges | Neglect of Duty | T | | | |
| Fraud, waste, and/or abuse of Augusta, Georgia property or time. | Ethics Violation | W/S/T | S/T | T | |
| Falsification or misrepresentation of an official document or record. | Ethics Violation | W/S/T | S/T | T | |
| Falsification or misrepresentation of any portion of a job application. | Ethics Violation | W/S/T | S/T | T | |
| Violation of Augusta, Georgia policies relating to impartiality, use of public property, conflict of interest, disclosure or confidentiality. | Ethics Violation | W | S | T | |
| Conviction of a felony, a misdemeanor conviction involving moral turpitude, or any misdemeanor while in the performance of Augusta, Georgia duties. | Ethics Violation | S/T | T | | |
| Unauthorized possession of firearms, explosives, or weapons on Augusta property. | Ethics Violation | W/S/T | S/T | T | |
| Unauthorized vending or solicitation on property or from Augusta, Georgia vehicle. | Ethics Violation | L | W | S | T |
| Attempting to coerce or influence a member of the public, fellow employees, subordinates or supervisor with gifts, services, loans or other consideration OR receipt of a fee, gift, or valuable item when such is given or accepted in the expectation of receiving a favor or preferential treatment. | Ethics Violation | S | T | | |

All Rights Reserved

Ex. 2

MP014

| Infraction | Category | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|---|
| Directing or permitting a subordinate to violate any rule, policy or regulation, whether explicit or condoned through inaction. | Ethics Violation | W/S | S/T | T | |
| Engaging in any employment, activity or enterprise which is illegal, incompatible, or in technical conflict with the employee's duties and responsibilities as Augusta, Georgia employee. | Ethics Violation | S/T | T | | |
| Engaged in outside employment activity while using sick leave, worker's compensation leave, or catastrophic leave. | Ethics Violation | T | | | |
| Intentional destruction, theft or unauthorized removal of Augusta, Georgia property or assets for personal use. | Ethics Violation | W/S/T | S/T | T | |
| Intentional destruction, theft (including stealing time) or unauthorized removal, possession or use of Augusta, Georgia property, tools or equipment without consent. | Ethics Violation | W/S/T | S/T | T | |
| Violation of Augusta, Georgia's discrimination and/or unlawful harassment policies. | Ethics Violation | W/S/T | S/T | T | |
| Gross misconduct to include, but not limited to, physical violence, threats of physical violence or engaging in offensive conduct or language toward the public, supervisory personnel, or fellow employees. | Ethics Violation | S/T | | | |
| Membership in any organization that advocates the overthrow of the Government of the United States by force or violence. | Ethics Violation | T | | | |
| Misconduct which undermines supervisory authority, productivity, or morale. | Ethics Violation | W | S | T | |

All Rights Reserved

MP015

**Melinda Pearson**

| | |
|---|---|
| **From:** | Melinda Pearson |
| **Sent:** | Wednesday, March 07, 2012 8:18 AM |
| **To:** | Tom Beck |
| **Attachments:** | Recommendation to Terminate Mr Smith.docx |

Mr. Beck,

   I have prepared a list of issues, that we have encountered with Mr. Smith, for your review prior to our meeting this morning. I will be bringing you a hard copy of this shortly. For the life of me, I still cannot understand why Sam still won't wear his uniform ( he isn't in uniform again this morning). On top of this, he still has yet to check on the licenses of our assign personnel to insure they are in compliance to be able to drive our vehicles.

## Drivers License Verification-Operations Division

Date: _3/5/12_

| Name | Expiration Date | Signature |
|------|-----------------|-----------|
| Melinda Pearson | 1/14/2014 | |
| Renee Kaufman | 9/2/2016 | |
| John Major | 6/30/2014 | |
| Angelo Collier | 2/6/2017 | |
| Corey Cain | 2/25/17 | |
| Willie Demps | 12/27/2012 | |
| Willie Anderson | 9/20/2013 | |
| Damaris Reddix | 9/6/2018 | |
| Carl Smith | 4/26/2013 | |
| George Clements | 9/30/2015 | |
| Charles Nelson | 2/13/2012 | 3/17/12 |
| Marvin Wells Jr. | 9/12/2012 | |
| Ralph Trumpler | 12/1/2013 | |
| Sylvia Johson | 7/11/2012 | 3/17/12 |
| Carlose Hughes | 5/31/2020 | |
| William Rhodes | 4/18/2013 | |
| Donald Scott | 5/27/2012 | |
| Sam Smith | 12/27/2012 | 3/7/12 |
| B. DeanWilliams | 3/22/2016 | |
| Jeanette Hurley | 9/29/2015 | |
| Michael Fallen | 3/24/2013 | |
| Charles Johnson | 7/1/2017 | |
| George Perry | 4/12/2024 | 3/7/12 |
| Anthony Smith | 9/2/2013 | 3/7/12 |
| Vitirio Washington | 11/16/2016 | |
| Alicia Rigdon | 5/9/2014 | |
| Eugene Harris | 7/15/13 | |
| Iishia Dixon | 8/4/2014 | |

rk -1/2012

**MP017**

# CHAPTER VII.

## DRESS CODE AND PERSONAL APPEARANCE

### Section 700.001 Professional Dress and Appearance

Employees of Augusta, Georgia shall dress in a manner that reflects an efficient, orderly, and professional government. Personal appearance and dress attire shall be professional and in good taste for our government environment, which fosters a positive public image of the organization. Generally speaking, all clothing shall be conservative by design.

### Section 700.002  Clothing Restrictions

*Dresses and Skirts* - Dresses and skirts must reach at least 3 inches in length above the knee. Denim dresses and skirts are acceptable if they adhere to the 3 inch length requirement. Dresses with slits on the front or the side shall not be worn with slits that are more than 5 inches above the knee.

*Jeans, Shorts, Wind suits, and Sweatpants* - No shorts, sweatpants, wind suits, or denim jeans may be worn.

*Shoes* - No flip-flops or tennis shoes may be worn.

*T-shirts, Tank Tops, and Sweatshirts* - No t-shirts, tank tops or sweatshirts may be worn with or without writing or advertisements on them.

EXCEPTIONS – Department Directors may provide limited exceptions based on the work environment where the job is performed. Each Department Director will advise employees if EXCEPTIONS are applicable to their position.

### Section 700.003 Uniforms

The following departments are required to wear uniforms as specified by their department. The Department Directors will determine the specifications of the uniforms. Uniforms will be clean and maintained in a professional appearance with no tears. All uniforms will be serviceable and cleaned and maintained on a regular basis. The following departments are required to wear uniforms:

- Public Safety
- Utilities
- Public Works
- Transit
- Trees and Landscape
- Recreation
- Engineering Services

Augusta, Georgia will provide uniforms to employees who are required to wear them, and uniforms shall be worn at all times while on official duty. Uniforms are to be returned to Augusta, Georgia upon termination of employment. The Uniforms are to be returned to the department in which the employee works on the last day of his or her employment.

All Rights Reserved

Ex. 2

**MP018**

# Mr. Smith

**Melinda Pearson**

**Sent:**        Sunday, March 25, 2012 9:00 PM
**To:**          Tom Beck
**Attachments:** Recommendation to Termina~1.docx (31 KB)


I have attached a letter recommending that Mr. Smith be terminated. I feel that I have made every attempt to work with Mr. Smith and help him become a productive member of the Department. Unfortunately, Mr. Smith remains defiant and unwilling to work with me, nor the Department.

March 26, 2012

Mr. Tom Beck
Director, Augusta Recreation/Parks/Facilities

Reference:    Recommendation to Terminate Mr. Sam Smith

Mr. Beck,

On March 6, 2012, I made a recommendation to terminate Mr. Sam Smith (see attached letter below). Shortly after this time, Mr. Smith expressed that he was too stressed at work and needed to take time off. Upon Mr. Smith's return, I had hoped that Mr. Smith had collected himself and would be able to perform his duties and be a productive member of the Division. On March 19th, Mr. Smith came back to work. In the interest of trying to assist him with promoting the team concept within the Division, I refrained from pointing out his shortcomings which began quickly upon his return to work. I made every effort to start fresh with Mr. Smith and allow him to simply do his job. Unfortunately, Mr. Smith has not changed his thought process regarding working with me. Mr. Smith has made no effort to compromise or even perform simple tasks assigned to him. During this past week, I continued to have repeated problems with Mr. Smith and have listed several issues with his performance below for your review.

- Failed to report to work in uniform on March 22nd, 23rd and 26th.(as documented on 7/12/11, 2/22/12)
- Mr. Smith made no effort to meet with me this week in the mornings for daily assignments (as directed in an earlier documented instructional sheet 3/5/12, 3/6/12) and (verbal instructions on 3/7/12, 3/21/12, 3/23/12, 3/24/12, 3/27/12, 3/5/12, 3/6/12, 3/19/12 and 3/20/12)
- Mr. Smith gives no "detailed input" regarding his duties (Mr. Smith is very evasive and obviously does not want to work with me or the Department). When asked for details, I have to repeatedly ask him numerous questions in what is obviously an attempt by Mr. Smith to make communication in between us difficult.( 7/12/11, 1/12/12, 2/22/12, 3/19/12, 3/20,12, 3/21/12, 3/24/12 and 3/26/12)
- Mr. Smith refused to complete a license check of our personnel as previously directed by me (this is required weekly, 3/19/12, 3/20/12 and 3/26/12)
- Mr. Smith refused to complete his weekly task assignment this week (and has refused to complete this task this entire year (documented instructions have been issued to him on 7/12/11, 1/12/12, 2/22/12, 3/5/12, 3/6/12, 3/19/12, 3/20/12 and 3/26/12)
- Mr. Smith refused to provide me with his review of Trees & Landscaping expenses (provided to Mr. Smith prior to him going on his recent sick leave). He was instructed to respond to me no later than March 21st so these particular accounts could be processed and assigned to the respective departments. (documented instructions given on 3/7/12 and 3/19/12 and 3/26/12)

1

- Mr. Smith refused to provide me with a schedule of his weekly commitments (due on March 19th). He failed to complete this task by the end of the week. Mr. Smith has repeatedly failed to complete this task this year (these instructions are documented being given to Mr. Smith on 7/12/11, 1/12/12, 2/22/12, 3/5/12, 3/7/12, 3/19/12, 3/20/12 and 3/26/12)
- Mr. Smith refused to provide me with a list of his goals by March 23rd as instructed to complete. Mr. Smith has been instructed to provide me with a goal list repeatedly in the past and has made no effort to comply with this instruction. ( 7/12/11, 1/12/12, 2/22/12, 3/19/12)
- Mr. Smith refused to provide the file from Trees & Landscaping regarding the "Adopt-a-Scape" program by March 22nd so we could establish this program and save money/manpower (as previously instructed on 3/19/12, 3/20/12 and 3/26/12)
- Mr. Smith refused to provide an update on the fertilization schedule for the Main Office no later than March 23rd (as previously requested in writing on 7/12/11, 1/12/12, 2/22/12, 3/20/12 and 3/26/12)
- Mr. Smith refused to provide a weekly schedule for all Division vehicles to be cleaned, to be given to me no later than March 23rd (as previously instructed on 7/12/11, 1/12/12, 2/22/12, 3/19/12 and 3/26/12)
- Mr. Smith has repeatedly been instructed to include me in meetings that he conducts outside of the Department for the Tree Commission. Mr. Smith refuses to comply with this documented instruction. I have several documented meetings that Mr. Smith has conducted not only during work hours, but also while he was on vacation and suspended from duties in an obvious attempt to keep me from learning about his activities in this area. ( as previously instructed on 7/12/11, 1/12/12, 2/22/12, 3/5/12, 3/6/12, 3/19/12, 3/20/12 and 3/26/12)
- I continue to have problems with Mr. Smith's poor use of time by aimlessly riding around in his county assigned vehicle (as documented by GPS stats), wasting time and money, neglecting to oversee our crews and Division responsibilities. ( documented dates on 12/7/11, 12/12/11, 2/1/12, 2/2/12, 2/3/12, 2/6/12, 2/7/12, 2/21/11, 3/5/12, 3/19/12, 3/20/12, 3/21/12, 3/23/12, and 3/26/12)

Based upon Mr. Smith's repeated defiance to assist our Division (failure to perform those duties as required by his job description), documented disciplinary incidents and probationary status, I am recommending that Mr. Smith be terminated. Mr. Smith refuses to comply with even the simple tasks and as a supervisor; he continues to add fuel to the fire by creating a hostile work environment not only within the Division but throughout the Department. Mr. Smith has openly informed me, you (Mr. Beck), and several others within the Division that he is not going to work with me, answer to me, and clearly does not want to be held accountable for his actions. Mr. Smith's continued actions are insubordinate and very clear that he does not have the

Division's nor the Department's best interest in mind. His repeated insubordination has caused (and continues to cause) turmoil within the Division.

Date:  July 12, 2011

To:   Sam Smith

From: Melinda Pearson

CC:   Dennis Stroud, Deputy Director

Reference:   Division Duties

      This meeting is to help you better understand the responsibilities and requirements of your position within our Division. I realize that there may have been some confusion during the transitional period of the re-organization within our City government. In order to eliminate any confusion or misunderstanding, I have identified several tasks and goals that will be required of your position. I would like to emphasize that we are all on the same team within our Division and work together to accomplish those tasks assigned to us. Together we must strive to insure we provide for a positive work environment that creates a safe, clean, beautiful and enjoyable experience for the citizens of Augusta, Richmond County as they visit our City.

Instructions/Tasks:

1. Lead by example by clocking in and out daily with your time card.
2. Drive your assigned vehicle.
3. Utilize your chain of command.
    a. This includes reporting directly to me, Mrs. Pearson.
    b. Calling me directly when you need to be absent from work.
    c. Reporting directly to my designee (I will inform you of who this person will be prior to my absence) when I am on vacation or out on sick leave.
    d. Do not make any purchases without my approval, or my designee while I am on vacation or out on sick leave.
    e. I encourage you to make purchasing recommendations.
4. Meet with Darrell Bennett weekly to cross-train him on Riverwalk responsibilities, so we can begin spending more time together learning about trees and landscaping and grounds/park maintenance to better utilize our resources to be as efficient as possible.
5. In the near future, I want to see you out in the field with the crews to insure task compliance.
6. Keep me abreast with any meetings outside the Department (ie. Tree Commission) to insure that I too, learn about requirements of our Division.

7. Meet with me daily at 2 pm to forecast upcoming assignments.
8. Refrain from using profane language.
9. You need to provide a daily schedule of trees and landscaping assignments of <u>all employees under your supervision</u>.
    a. This is to insure that you maintain accountability for all of your personnel.
    b. Provide an update for all tasks assigned to your personnel, to include when tasks are completed, expected completion date(s), problems encountered, and recommendations to complete assignments.
10. Provide me a procedure that you use to assign tasks daily.
    a. Just how you determine assignment to a specific area (i.e. is this by complaint, observation,???).
11. Keep me informed of problems that you encounter and offer suggestions to enhance our Division and Department.
12. Want to see an improvement on the Main Office grounds.
    a. Perception is important.
    b. Utilize your skills to beautify this entrance and grounds.
13. All time off must be approved by me or my designee.

<u>Near Future Goals:</u>

1. Organize your office (prior to going on vacation on July 25, 2011).
2. Clean out/complete emptying old trees and landscaping building (completed prior to going on vacation on July 25, 2011).
    a. I will assign staff to assist with this task.
3. Upon return from your vacation (July 25th), come up with a schedule for all vehicles to be cleaned weekly.
4. I want your input to improve upon the grounds inside Magnolia Cemetery (i.e. trees limbed, grounds manicured, etc.).
5. Stay on task with obtaining your Commercial Driver's License.
    a. Identify and assist those employees from trees and landscaping that need a CDL and inform me of those personnel.
    b. I will help facilitate this process as much as possible to insure that our Department has an adequate number of drivers.
6. Provide me a list of your needs/goals within the Department.
    a. This can be provided as needed daily regarding needs and at least weekly regarding your goals.

Date: January 12, 2012

To:   Sam Smith

From: Melinda Pearson

Reference:   Division Duties

This meeting is to help you better understand the responsibilities and requirements of your position within our Division. I realize that there may have been some confusion during the transitional period of the re-organization within our City government. In order to eliminate any confusion or misunderstanding, I have identified several tasks and goals that will be required of your position. I would like to emphasize that we are all on the same team within our Division and work together to accomplish those tasks assigned to us. Together we must strive to insure we provide for a positive work environment that creates a safe, clean, beautiful and enjoyable experience for the citizens of Augusta, Richmond County as they visit our City.

Instructions/Tasks:

1. Lead by example by clocking in and out daily with your time card.
2. Drive your assigned vehicle.
3. Utilize your chain of command.
   a. This includes reporting directly to me, Mrs. Pearson.
   b. Calling me directly when you need to be absent from work.
   c. Reporting directly to my designee (I will inform you of who this person will be prior to my absence) when I am on vacation or out on sick leave.
   d. Do not make any purchases without my approval, or my designee while I am on vacation or out on sick leave.
   e. I encourage you to make purchasing recommendations.
4. Meet with Darrell Bennett weekly to cross-train him on Riverwalk responsibilities, so we can begin spending more time together learning about trees and landscaping and grounds/park maintenance to better utilize our resources to be as efficient as possible.
5. In the near future, I want to see you out in the field with the crews to insure task compliance.
6. Keep me abreast with any meetings outside the Department (ie. Tree Commission) to insure that I too, learn about requirements of our Division.
7. Meet with me daily at 2 pm to forecast upcoming assignments.

8. Refrain from using profane language.
9. You need to provide a daily schedule of trees and landscaping assignments of <u>all employees under your supervision.</u>
   a. This is to insure that you maintain accountability for all of your personnel.
   b. Provide an update for all tasks assigned to your personnel, to include when tasks are completed, expected completion date(s), problems encountered, and recommendations to complete assignments.
10. Provide me a procedure that you use to assign tasks daily.
    a. Just how you determine assignment to a specific area (i.e. is this by complaint, observation,???).
11. Keep me informed of problems that you encounter and offer suggestions to enhance our Division and Department.
12. Want to see an improvement on the Main Office grounds.
    a. Perception is important.
    b. Utilize your skills to beautify this entrance and grounds.
13. All time off must be approved by me or my designee.


<u>Near Future Goals:</u>

1. Organize your office (prior to going on vacation on July 25, 2011).
2. Clean out/complete emptying old trees and landscaping building (completed prior to going on vacation on July 25, 2011).
   a. I will assign staff to assist with this task.
3. Upon return from your vacation (July 25th), come up with a schedule for all vehicles to be cleaned weekly.
4. I want your input to improve upon the grounds inside Magnolia Cemetery (i.e. trees limbed, grounds manicured, etc.).
5. Stay on task with obtaining your Commercial Driver's License.
   a. Identify and assist those employees from trees and landscaping that need a CDL and inform me of those personnel.
   b. I will help facilitate this process as much as possible to insure that our Department has an adequate number of drivers.
6. Provide me a list of your needs/goals within the Department.
   a. This can be provided as needed daily regarding needs and at least weekly regarding your goals.

Date: July 12, 2011, reissued 02/22/2012

To:    Sam Smith

From: Melinda Pearson

CC:    Mr. Tom Beck, Director

Reference:   Division Duties



     This meeting is to help you better understand the responsibilities and requirements of your position within our Division. I realize that there may have been some confusion during the transitional period of the re-organization within our City government. In order to eliminate any confusion or misunderstanding, I have identified several tasks and goals that will be required of your position. I would like to emphasize that we are all on the same team within our Division and work together to accomplish those tasks assigned to us. Together we must strive to insure we provide for a positive work environment that creates a safe, clean, beautiful and enjoyable experience for the citizens of Augusta, Richmond County as they visit our City.

Instructions/Tasks:

1. Drive your assigned vehicle.
2. You are to be in your assigned county/department uniform while on duty at all times unless otherwise approved by your manager.
3. You are to be familiar with all of your duties as associated with your job description and act in the best interest of the Department while performing these duties.
4. You are to stay on task (as assigned by your manager) at all times. You are not to deviate from these tasks without approval from your manager.
5. You are not to utilize/commit any Department resources outside of the Department without the expressed authorization of your manager (ie. Daniel Field, fire departments, etc.).
6. Utilize your chain of command.
   a. This includes reporting directly to your manager.
   b. Calling your manager directly when you need to be absent from work no less than 30 minutes prior to your assigned arrival time.
   c. Reporting directly to my designee (I will inform you of who this person will be prior to my absence) when I am on vacation or out on sick leave.

MP027

> d. <u>Do not make any purchases without my approval,</u> or my designee while I am on vacation or out on sick leave.
>
> e. I encourage you to make purchasing recommendations.

7. In your manager's absence, you are to attend/represent the Division during the "Key Staff" meeting on each 1st and 3rd Tuesday of each month at 9:00 am at the Main Office (subject to change at Director's discretion).

8. In your manager's absence, you are to attend/represent the Division on the 4th Thursday of each month at 8:30 am at the Main Office for the Department Maintenance meeting.

> a. You are to take appropriate notes and report this information directly to your manager immediately upon their return.
>
> b. Your duties will include overseeing/handle the meeting.
>
> c. Receive employee of the month nominations and conduct a vote for this nomination, providing the results to Chris Schauer in writing.

9. In the near future, I want to see you out in the field with the crews to insure task compliance.

10. Keep your manager abreast with any meetings outside the Department (ie. Tree Commission) to insure that I too, learn about requirements of our Division.

11. Meet with your manager daily at 2 pm to forecast upcoming assignments.

12. Refrain from using profane language.

13. You need to provide a daily schedule of trees and landscaping assignments of <u>all employees under your supervision.</u>

> a. This is to insure that you maintain accountability for all of your personnel.
>
> b. Provide an update for all tasks assigned to your personnel, to include when tasks are completed, expected completion date(s), problems encountered, and recommendations to complete assignments.

14. Provide me a procedure that you use to assign tasks daily.

> a. Just how you determine assignment to a specific area (i.e. is this by complaint, observation,???).

15. Keep me informed of problems that you encounter and offer suggestions to enhance our Division and Department.

16. Want to see an improvement on the Main Office grounds.

> a. Perception is important.
>
> b. Utilize your skills to beautify this entrance and grounds.
>
> c. <u>Provide a fertilization implementation schedule immediately for the Main Office Grounds.</u>

17. All time off must be approved by me or my designee.

<u>Near Future Goals</u>:

1. Come up with a schedule for all vehicles to be cleaned weekly.
2. Stay on task with bringing your staff up to Commercial Driver's License compliance.
   a. Identify and assist those employees from trees and landscaping that need a CDL and inform me of those personnel.
   b. I will help facilitate this process as much as possible to insure that our Department has an adequate number of drivers.
3. Provide me a list of your needs/goals within the Department.
   a. This can be provided as needed daily regarding needs and at least weekly regarding your goals.
4. To assist Mr. John Majors with issuing out equipment each morning daily and identifying equipment failure (to include notifying your manager of these failures).
5. Notify your manager of all commitments/support agreements that are not budgeted through our Department.
   a. Notify each of these Departments (not Recreation/Facilities) in writing that our Department will no longer be handling those functions previously agreed upon so that respective Department can themselves budget for those services no later than March 16th, 2012.
   b. Notify your manager in writing (carbon copy) of each of these notifications no later than March 16th, 2012.


_(Signature)_                                    _(Date)_

*Augusta*
GEORGIA

**Recreation, Parks and Facilities**

**Tom F. Beck**
Director

**Dennis Stroud**
Deputy Director

*No Action taken*
*Mr Stroud*

## MEMORANDUM

**TO:**      Mr. Samuel Smith, Operations Supervisor II
**FROM:**    Tom Beck, Director
**SUBJECT**  Notice of Disciplinary Action
**DATE:**    December 15, 2011

The purpose of this memorandum is to inform you that you are being placed on a one (1) day suspension without pay effective December 19, 2011.

This action is a result of you not notifying your immediate supervisor Mrs Pearson, on December 7, 2011 that you were leaving your job site for personal business, while you were operating your county issued vehicle, during normal work hours.

At approximately 3PM on December 14, 2011 Sam Smith came into the shop and walked by Mrs. Pearson's office, Mrs. Pearson asked Mr. Smith to allow her to speak with him for a minute. He responded "yeah" and continued past Mrs. Pearson's office to his office. After approximately 6-7 minutes, Mrs. Pearson went looking for Mr. Smith and found him in his office with Millie Armstrong on the phone with Human Resources (HR). Mrs. Pearson stated that she needed to speak with Mr. Smith and he stated "yeah, I know, and I'm helping Millie right now" ignoring Mrs. Pearson's request to speak with her. As Mr. Smith was leaving the building, Mr. Smith stopped by Mrs. Pearson's office and stated "you wanted to talk with me?" Mrs. Pearson replied that she needed to inform him about an incident that took place in the shop. Mr. Smith advised Mrs. Pearson that he already knew about the incident, that Dean called him. Mr. Smith stated that Millie contacted him as he was getting out of his truck earlier. When asked why Mr. Smith shunned Mrs. Pearson, Mr. Smith stated that he wasn't trying to shun Mrs. Pearson, and he said that Dean already told him that Millie was "kinda rough on you" and that Mrs. Dean was trying to assist Mrs. Pearson. Mr. Smith stated that Dean is the only one that can do anything with her (Ms. Armstrong). Mrs. Pearson inquired, "What's that supposed to mean?" Mr. Smith stated that Millie had hated him for years and that she had taken a bush ax and had chased someone with it, that she had also tried to push an employee into an open grave, that she had brought gasoline with her to work to burn up someone's car, and that she had tried to choke somebody else. Mr. Smith stated that this had been going on for years with Millie and informed Mrs. Pearson, "Welcome to my world!" Mrs. Pearson responded by saying, "Has this all been documented in her file?" Mr. Smith hesitated and then said, "Yeah, yeah." Mrs. Pearson informed Mr. Smith that this was unacceptable behavior and that she was going to recommend suspending Ms. Armstrong for insubordination. Mrs. Pearson informed Mr. Smith that Ms. Armstrong was indignant and kept saying that she ought to rethink the suspension. Mr. Smith stated that he could help answer this question by saying that Ms. Armstrong's mother was an ex-commissioner or something of that nature and that Millie feels that she can do whatever she wants and that no one can do anything to her.

Mr. Smith's actions were not conducive to the management team concept with Augusta Recreation. Mr. Smith should have consulted with Mrs. Pearson to become aware of all of the circumstances surrounding this incident prior to calling Human Resources. Mr. Smith should gather all the facts and review each incident thoroughly so he can make an objective report of any situation that he encounters.

**Augusta Recreation, Parks and Facilities Department**
Post Office Box 5605 - Augusta, GA 30916-5605
(706) 796-5025 - Fax (706) 796-4099
WWW.AUGUSTAGA.GOV

Item 25 p.02
MP030



**Recreation, Parks and Facilities**

**Tom F. Beck**
Director

**Dennis Stroud**
Deputy Director

Mr. Smith has been counseled about his performance, or lack thereof, at work. This includes sitting at a residence on Heard Avenue for hours at a time during his normal work hours, neglecting his normal duties during that past several weeks. That same day, Monday (Dec.12th), Mr. Smith has neglected his duties by simply riding around aimlessly in his county vehicle (see attachments for dates/times). Mr. Smith informed Mrs. Pearson that he needed to inspect 200 plus trees at Kroger on Washington Road, further reported that he recognized numerous problems with this project. Upon checking the GPS unit on Mr. Smith's vehicle, records reflected that Mr. Smith only spent 3 minutes at the Kroger site. Mr. Smith could not have made an educated assessment of the situation after such a short period of time. Mr. Smith attempted to account for his time by using this example at Kroger as to show just how busy he had been this particular day (inferring that this inspection had taken a great deal of his time for the day). Mr. Smith is deceptive with his time management and needs to be more responsible and accountable for his actions throughout his day and work assignments.

Your actions violated the Augusta, Georgia Personnel Policy and Procedures manual Chapter III, Page 74, Table # 1, items 7 and 9.

Failure to correct this type of behavior will result in further disciplinary action up to and including termination.

You have the right to appeal this action by submitting a written formal appeal to the Director of Human Resources within five working days.

_____                    _____
Tom Beck Director                                              Date

I have had this memorandum discussed with me and I have had an opportunity to read this memorandum.

_____                    _____
Employee Signature                                          Date

(Signature indicates receipt of this memorandum.  It does not indicate the employee agrees with its contents.)

Distribution of Copies
Departmental File
Human Resources File
Dennis Stroud
Melinda Pearson
Attachments: (6)

**Augusta Recreation, Parks and Facilities Department**
Post Office Box 5605 - Augusta, GA 30916-5605
(706) 796-5025 - Fax (706) 796-4099
WWW.AUGUSTAGA.GOV
Ex. 2

Item 25 p.03
MP031

## Table I   Recommended Guidelines For Disciplinary Actions

### LEGEND:

L = Letter of Warning    S = Suspension
W = Written Reprimand    T = Termination

| Infraction | Category | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|---|
| Disregard for or willful failure to follow the written instruction or direction of a supervisor or higher authority | Insubordination | W | S/T | T | |
| Abusive verbal conduct directed at a supervisor within the employee's chain-of-command. | Insubordination | W/S | S/T | T | |
| Failure to work overtime, special hours, or special shifts or be on stand-by, as directed | Insubordination | W-S | S/T | T | |
| Violation of any Augusta, Georgia, department or division rule or directive | Neglect of Duty | L | W | S | T |
| Inability to perform up to accepted work standards | Neglect of Duty | L | W | S | T |
| Habitual tardiness, unscheduled absence (six (6) or more in a 180 day period), absenteeism, and/or abuse of leave privileges | Neglect of Duty | L | W | S | T |
| Willful neglect in performance of duties | Neglect of Duty | W/S | S/T | T | |
| Job abandonment for 3 consecutive scheduled workdays, or 2 consecutive 24-hour shifts. | Neglect of Duty | S/T | T | | |
| Leaving the assigned work area during regular working hours without permission or until relieved. | Neglect of Duty | L | W | S | T |
| Absence without approved leave, including failure to call in or report an absence to a supervisor the day the absence begins. | Neglect of Duty | W | S | T | |

All Rights Reserved – As Approved by the Augusta Commission on 3/1/2011

| Infraction | Category | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|---|
| Violation of traffic laws while operating Augusta, Georgia vehicle, i.e. speeding, running traffic control device, failure to yield, etc. | Neglect of Duty | L | W | S | T |
| Motor Vehicle Record review with 10 points or more – impact on driving privileges | Neglect of Duty | T | | | |
| Fraud, waste, and/or abuse of Augusta, Georgia property or time. | Ethics Violation | W/S/T | S/T | T | |
| Falsification or misrepresentation of an official document or record. | Ethics Violation | W/S/T | S/T | T | |
| Falsification or misrepresentation of any portion of a job application. | Ethics Violation | W/S/T | S/T | T | |
| Violation of Augusta, Georgia policies relating to impartiality, use of public property, conflict of interest, disclosure or confidentiality. | Ethics Violation | W | S | T | |
| Conviction of a felony, a misdemeanor conviction involving moral turpitude, or any misdemeanor while in the performance of Augusta, Georgia duties. | Ethics Violation | S/T | T | | |
| Unauthorized possession of firearms, explosives, or weapons on Augusta property. | Ethics Violation | W/S/T | S/T | T | |
| Unauthorized vending or solicitation on property or from Augusta, Georgia vehicle. | Ethics Violation | L | W | S | T |
| Attempting to coerce or influence a member of the public, fellow employees, subordinates or supervisor with gifts, services, loans or other consideration OR receipt of a fee, gift, or valuable item when such is given or accepted in the expectation of receiving a favor or preferential treatment. | Ethics Violation | S | T | | |

All Rights Reserved

Item 25 p.05
MP033

Teluware Fleet Management - Print

Start/Stop Detail Report, Vehicle - 994406- Rec-T&L-SamS  Wed Dec 7 07:00:00 EST 2011 ...Wed Dec 7 19:15:00 EST 2011

| Started Moving | Stopped Moving | Transit Time | Miles | Stopped @ | Stopped Until | Stopped Time | Idle Time | Driver |
|---|---|---|---|---|---|---|---|---|
| 994406- Rec-T&L-SamS | | | | | | | | |
| 12/7/2011 1:05:14 PM | 12/7/2011 1:52:31 PM | 00:47:17 | 16.38 | WA GW Plant #1 | 12/7/2011 3:15:00 PM | 01:22:29 | | |
| 12/7/2011 10:58:22 AM | 12/7/2011 11:54:54 AM | 00:56:32 | 18.37 | 1458 Heard Ave, Augusta, GA, 30904 | 12/7/2011 1:05:14 PM | 01:10:20 | | |
| 12/7/2011 10:24:34 AM | 12/7/2011 10:37:30 AM | 00:12:56 | 5.57 | 3054 Angela St, Augusta, GA, 30907 | 12/7/2011 10:58:22 AM | 00:20:52 | | |
| 12/7/2011 10:17:06 AM | 12/7/2011 10:17:57 AM | 00:00:51 | 0.41 | Circle K - Central at Heard | 12/7/2011 10:24:34 AM | 00:06:37 | | |
| 12/7/2011 7:40:16 AM | 12/7/2011 7:52:17 AM | 00:12:01 | 3.96 | 1458 Heard Ave, Augusta, GA, 30904 | 12/7/2011 10:17:06 AM | 02:24:49 | | |
| | 12/7/2011 7:00:00 AM | | | WA GW Plant #1 | 12/7/2011 7:40:16 AM | 00:40:16 | | |
| 12/7/2011 Totals | | 02:09:37 | 44.69 | | | 06:05:23 | 00:00:00 | |
| **Totals** | | **02:09:37** | **44.69** | | | **06:05:23** | **00:00:00** | |

Item 25 p.06
MP034

| Print This Page | | Close Window |

## Vehicle - 994406- Rec-T&L-SamS: Start/Stop Detail Report , Monday 3/5/2012 12:00:00 AM - Tuesday 3/6/2012 12:00:00 AM

| Vehicle | Started Moving | Stopped Moving | Transit Time | Miles | Stopped @ | Stopped Until | Stopped Time | Idle Time |
|---|---|---|---|---|---|---|---|---|
| 994406- Rec-T&L-SamS | | 3/5/2012 12:00:00 AM | | | WA GW Plant #1 | 3/5/2012 8:46:59 AM | 08:46:59 | |
| 994406- Rec-T&L-SamS | 3/5/2012 8:46:59 AM | 3/5/2012 9:37:43 AM | 00:50:44 | 14.23 | 912 State Rte 28, Augusta, GA, 30901 | 3/5/2012 10:15:24 AM | 00:37:41 | |
| 994406- Rec-T&L-SamS | 3/5/2012 10:15:24 AM | 3/5/2012 10:25:19 AM | 00:09:55 | 4.04 | 989 Camellia Dr, Augusta, GA, 30904 | 3/5/2012 10:42:14 AM | 00:16:55 | |
| 994406- Rec-T&L-SamS | 3/5/2012 10:42:14 AM | 3/5/2012 10:49:41 AM | 00:07:27 | 2.92 | 2701 Wheeler Rd, Augusta, GA, 30909 | 3/5/2012 10:54:13 AM | 00:04:32 | |
| 994406- Rec-T&L-SamS | 3/5/2012 10:54:13 AM | 3/5/2012 11:21:20 AM | 00:27:07 | 7.58 | WA GW Plant #1 | 3/5/2012 12:55:36 PM | 01:34:16 | |
| 994406- Rec-T&L-SamS | 3/5/2012 12:55:36 PM | 3/5/2012 1:16:31 PM | 00:20:55 | 14.79 | Hephzibah McBean Rd, Hephzibah, GA, 30906 | 3/5/2012 1:31:36 PM | 00:15:05 | |
| 994406- Rec-T&L-SamS | 3/5/2012 1:31:36 PM | 3/5/2012 2:14:26 PM | 00:42:50 | 24.85 | 2 Burum Ln, Augusta, GA, 30901 | 3/5/2012 2:18:56 PM | 00:04:30 | |
| 994406- Rec-T&L-SamS | 3/5/2012 2:18:56 PM | | | 5.03 | | | | |

*shop* (handwritten annotation)

| Vehicle | Transit Time | Miles | Stop Time | Stop Count | Avg Stop Time | Idle Time | Idle Count | Avg Idle Time | SortOrder |
|---|---|---|---|---|---|---|---|---|---|
| TOTALS | 02:38:58 | 73.44 | 11:39:58 | 7 | 01:39:59 | | 0 | | 1 |

*missed 2pm meeting* (handwritten annotation)

SignalTrac Fleet Management - Print View

| Print This Page | | Close Window |

## Vehicle - 994406- Rec-T&L-SamS: Location Activity, Monday 03/05/2012 - Monday 03/05/2012

| Date | Address | City | State | Miles | Dir | Speed | Status | Online | GPS |
|------|---------|------|-------|-------|-----|-------|--------|--------|-----|
| 3/5/2012 8:46:34 AM | WA GW Plant #1 | Augusta | GA | 0 \| 0 | N | 0 | Ign on | Yes | GPS |
| 3/5/2012 8:46:59 AM | WA GW Plant #1 | Augusta | GA | 0 \| 0 | N | 0 | Start | Yes | GPS |
| 3/5/2012 8:48:59 AM | Utilities & Rec Dept Peach Orch Rd | Augusta | GA | 0.06 \| 0.06 | S | 18 | Moving | Yes | GPS |
| 3/5/2012 8:50:59 AM | 2838 Richmond Hill Rd | Augusta | GA | 0.68 \| 0.75 | N | 25 | Moving | Yes | GPS |
| 3/5/2012 8:52:59 AM | Deans Bridge Rd | Augusta | GA | 1.06 \| 1.8 | NE | 40 | Moving | Yes | GPS |
| 3/5/2012 8:54:59 AM | Deans Bridge Rd | Augusta | GA | 0.56 \| 2.36 | NE | 13 | Moving | Yes | GPS |
| 3/5/2012 8:56:59 AM | 1754 US Hwy 78 | Augusta | GA | 0.37 \| 2.73 | NW | 45 | Moving | Yes | GPS |
| 3/5/2012 8:58:59 AM | 1716 Fairview Ave | Augusta | GA | 1.24 \| 3.98 | W | 38 | Moving | Yes | GPS |
| 3/5/2012 9:00:59 AM | 1900 Highland Ave | Augusta | GA | 0.93 \| 4.91 | NE | 42 | Moving | Yes | GPS |
| 3/5/2012 9:02:59 AM | 1703 Highland Ave | Augusta | GA | 0.43 \| 5.34 | N | 13 | Moving | Yes | GPS |
| 3/5/2012 9:04:59 AM | Park Ave | Augusta | GA | 0.62 \| 5.97 | W | 9 | Moving | Yes | GPS |
| 3/5/2012 9:06:59 AM | Park Ave | Augusta | GA | 0.25 \| 6.21 | W | 11 | Moving | Yes | GPS |
| 3/5/2012 9:08:59 AM | Lake Forest Dr | Augusta | GA | 0.43 \| 6.65 | NE | 9 | Moving | Yes | GPS |
| 3/5/2012 9:10:59 AM | 2794 Henry St | Augusta | GA | 0.43 \| 7.08 | E | 9 | Moving | Yes | GPS |
| 3/5/2012 9:12:59 AM | Henry St | Augusta | GA | 0.19 \| 7.27 | E | 0 | Moving | Yes | GPS |
| 3/5/2012 9:14:59 AM | 2438 Cumming Rd | Augusta | GA | 0.43 \| 7.71 | NE | 4 | Moving | Yes | GPS |
| 3/5/2012 9:16:59 AM | 2305 Cumming Rd | Augusta | GA | 0.31 \| 8.02 | E | 18 | Moving | Yes | GPS |
| 3/5/2012 9:18:59 AM | 415 Milledge Rd | Augusta | GA | 0.75 \| 8.76 | NE | 29 | Moving | Yes | GPS |
| 3/5/2012 9:20:59 AM | Broad St | Augusta | GA | 0.25 \| 9.01 | NE | 11 | Moving | Yes | GPS |
| 3/5/2012 9:22:59 AM | 403 Lake Course Dr | Augusta | GA | 0.56 \| 9.57 | SW | 22 | Moving | Yes | GPS |
| 3/5/2012 9:24:59 AM | 2263 Overton Rd | Augusta | GA | 0.62 \| 10.19 | S | 25 | Moving | Yes | GPS |
| 3/5/2012 9:26:59 AM | 2287 Overton Rd | Augusta | GA | 0.43 \| 10.63 | SE | 29 | Moving | Yes | GPS |
| 3/5/2012 9:28:59 AM | 2080 State Rte 28 | Augusta | GA | 0.87 \| 11.5 | SE | 38 | Moving | Yes | GPS |
| 3/5/2012 9:30:59 AM | 1556 State Rte 104 | Augusta | GA | 1.06 \| 12.55 | E | 34 | Moving | Yes | GPS |
| 3/5/2012 9:32:59 AM | 212 13th St | Augusta | GA | 0.5 \| 13.05 | E | 16 | Moving | Yes | GPS |
| 3/5/2012 9:34:59 AM | State Rte 28 | Augusta | GA | 0.81 \| 13.86 | SE | 25 | Moving | Yes | GPS |
| 3/5/2012 9:36:59 AM | 770 State Rte 28 | Augusta | GA | 0.25 \| 14.11 | NW | 18 | Moving | Yes | GPS |

SignalTrac Fleet Management - Print View

| 3/5/2012 9:37:42 AM | 912 State Rte 28 | Augusta | GA | 0.12 \| 14.23 | W | 0 | Ign off | Yes | GPS |
|---|---|---|---|---|---|---|---|---|---|
| 3/5/2012 9:37:43 AM | 912 State Rte 28 | Augusta | GA | 0 \| 0 | W | 0 | Stopped | Yes | GPS |
| 3/5/2012 10:14:57 AM | 912 State Rte 28 | Augusta | GA | 0 \| 0 | W | 0 | Ign on | Yes | GPS |
| 3/5/2012 10:15:24 AM | 912 State Rte 28 | Augusta | GA | 0 \| 0 | W | 0 | Start | Yes | GPS |
| 3/5/2012 10:17:24 AM | 1306 State Rte 28 | Augusta | GA | 0.56 \| 0.56 | NW | 25 | Moving | Yes | GPS |
| 3/5/2012 10:19:24 AM | 1653 State Rte 104 | Augusta | GA | 0.75 \| 1.3 | W | 36 | Moving | Yes | GPS |
| 3/5/2012 10:21:24 AM | Milledge Rd | Augusta | GA | 1.06 \| 2.36 | N | 11 | Moving | Yes | GPS |
| 3/5/2012 10:23:24 AM | 154 Lakeshore Loop | Augusta | GA | 0.93 \| 3.29 | NW | 34 | Moving | Yes | GPS |
| 3/5/2012 10:25:18 AM | 989 Camellia Dr | Augusta | GA | 0.75 \| 4.04 | W | 0 | Ign off | Yes | GPS |
| 3/5/2012 10:25:19 AM | 989 Camellia Dr | Augusta | GA | 0 \| 0 | W | 0 | Stopped | Yes | GPS |
| 3/5/2012 10:41:48 AM | 989 Camellia Dr | Augusta | GA | 0 \| 0 | W | 0 | Ign on | Yes | GPS |
| 3/5/2012 10:42:14 AM | 989 Camellia Dr | Augusta | GA | 0 \| 0 | W | 0 | Start | Yes | GPS |
| 3/5/2012 10:44:14 AM | Washington Rd | Augusta | GA | 0.75 \| 0.75 | NW | 42 | Moving | Yes | GPS |
| 3/5/2012 10:46:14 AM | Berckman Rd Tank | Augusta | GA | 0.43 \| 1.18 | NW | 7 | Moving | Yes | GPS |
| 3/5/2012 10:48:14 AM | 2701 Ingleside Dr | Augusta | GA | 1.18 \| 2.36 | S | 16 | Moving | Yes | GPS |
| 3/5/2012 10:49:40 AM | 2701 Wheeler Rd | Augusta | GA | 0.56 \| 2.92 | S | 0 | Ign off | Yes | GPS |
| 3/5/2012 10:49:41 AM | 2701 Wheeler Rd | Augusta | GA | 0 \| 0 | S | 0 | Stopped | Yes | GPS |
| 3/5/2012 10:52:34 AM | 2701 Wheeler Rd | Augusta | GA | 0 \| 0 | S | 0 | Ign on | No | GPS |
| 3/5/2012 10:54:13 AM | 2666 Wheeler Rd | Augusta | GA | 0.06 \| 0.06 | E | 22 | Start | Yes | GPS |
| 3/5/2012 10:56:13 AM | 2502 Allen St | Augusta | GA | 0.43 \| 0.5 | S | 0 | Moving | Yes | GPS |
| 3/5/2012 10:58:13 AM | 2508 Porter St | Augusta | GA | 0.25 \| 0.75 | W | 13 | Moving | Yes | GPS |
| 3/5/2012 11:00:13 AM | 2529 Walton Way | Augusta | GA | 0.5 \| 1.24 | W | 31 | Moving | Yes | GPS |
| 3/5/2012 11:02:13 AM | 1349 Monte Sano Ave | Augusta | GA | 0.37 \| 1.62 | S | 31 | Moving | Yes | GPS |
| 3/5/2012 11:04:13 AM | Central Ave | Augusta | GA | 0.56 \| 2.17 | E | 29 | Moving | Yes | GPS |
| 3/5/2012 11:06:13 AM | 2190 Central Ave | Augusta | GA | 0.31 \| 2.49 | SE | 4 | Moving | Yes | GPS |
| 3/5/2012 11:08:13 AM | 2061 Central Ave | Augusta | GA | 0.19 \| 2.67 | SE | 0 | Moving | Yes | GPS |
| 3/5/2012 11:10:13 AM | 1678 Central Ave | Augusta | GA | 0.62 \| 3.29 | E | 34 | Moving | Yes | GPS |
| 3/5/2012 11:12:13 AM | 1531 15th St | Augusta | GA | 0.56 \| 3.85 | S | 36 | Moving | Yes | GPS |
| 3/5/2012 11:14:13 AM | 1967 15th St | Augusta | GA | 0.81 \| 4.66 | S | 25 | Moving | Yes | GPS |
| 3/5/2012 11:16:13 AM | 2073 Old Savannah Rd | Augusta | GA | 0.81 \| 5.47 | SW | 34 | Moving | Yes | GPS |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3/5/2012 11:18:13 AM | 2359 Peach Orchard Rd | Augusta | GA | 0.81 \| 6.28 | SW | 20 | Moving | Yes | GPS |
| 3/5/2012 11:20:13 AM | 2072 Harold Rd | Augusta | GA | 0.93 \| 7.21 | SE | 25 | Moving | Yes | GPS |
| 3/5/2012 11:21:19 AM | WA GW Plant #1 | Augusta | GA | 0.37 \| 7.58 | S | 0 | Ign off | Yes | GPS |
| 3/5/2012 11:21:20 AM | WA GW Plant #1 | Augusta | GA | 0 \| 0 | S | 0 | Stopped | Yes | GPS |
| 3/5/2012 12:55:07 PM | WA GW Plant #1 | Augusta | GA | 0 \| 0 | S | 0 | Ign on | Yes | GPS |
| 3/5/2012 12:55:36 PM | WA GW Plant #1 | Augusta | GA | 0 \| 0 | S | 0 | Start | Yes | GPS |
| 3/5/2012 12:57:36 PM | Edwards Paint & Body | Augusta | GA | 0.99 \| 0.99 | S | 40 | Moving | Yes | GPS |
| 3/5/2012 12:59:36 PM | 345 State Rte 56 | Augusta | GA | 0.87 \| 1.86 | S | 9 | Moving | Yes | GPS |
| 3/5/2012 1:01:36 PM | State Rte 56 | Gracewood | GA | 1.62 \| 3.48 | S | 49 | Moving | Yes | GPS |
| 3/5/2012 1:03:36 PM | State Rte 56 | Gracewood | GA | 1.37 \| 4.85 | SE | 49 | Moving | Yes | GPS |
| 3/5/2012 1:05:36 PM | 4053 State Rte 56 | Gracewood | GA | 1.62 \| 6.46 | SE | 49 | Moving | Yes | GPS |
| 3/5/2012 1:07:36 PM | 4280 State Rte 56 | Gracewood | GA | 1.74 \| 8.2 | SE | 49 | Moving | Yes | GPS |
| 3/5/2012 1:09:36 PM | 4607 State Rte 56 | Hephzibah | GA | 1.62 \| 9.82 | S | 47 | Moving | Yes | GPS |
| 3/5/2012 1:11:36 PM | 4845 State Rte 56 | Hephzibah | GA | 1.68 \| 11.5 | S | 49 | Moving | Yes | GPS |
| 3/5/2012 1:13:36 PM | 903 Hephzibah McBean Rd | Hephzibah | GA | 1.62 \| 13.11 | SW | 16 | Moving | Yes | GPS |
| 3/5/2012 1:15:36 PM | 1156 Hephzibah McBean Rd | Hephzibah | GA | 1.3 \| 14.42 | NW | 45 | Moving | Yes | GPS |
| 3/5/2012 1:16:30 PM | Hephzibah McBean Rd | Hephzibah | GA | 0.37 \| 14.79 | NE | 0 | Ign off | Yes | GPS |
| 3/5/2012 1:16:31 PM | Hephzibah McBean Rd | Hephzibah | GA | 0 \| 0 | NE | 0 | Stopped | Yes | GPS |
| 3/5/2012 1:30:36 PM | Hephzibah McBean Rd | Hephzibah | GA | 0 \| 0 | NE | 0 | Ign on | Yes | GPS |
| 3/5/2012 1:31:36 PM | Hephzibah McBean Rd | Hephzibah | GA | 0 \| 0 | NE | 0 | Start | Yes | GPS |
| 3/5/2012 1:33:36 PM | 1033 Hephzibah McBean Rd | Hephzibah | GA | 1.24 \| 1.24 | SE | 45 | Moving | Yes | GPS |
| 3/5/2012 1:35:36 PM | 4900 State Rte 56 | Hephzibah | GA | 1.49 \| 2.73 | N | 49 | Moving | Yes | GPS |
| 3/5/2012 1:37:36 PM | 1188 Horseshoe Rd | Hephzibah | GA | 1.43 \| 4.16 | N | 49 | Moving | Yes | GPS |
| 3/5/2012 1:39:36 PM | 4448 State Rte 56 | Hephzibah | GA | 1.8 \| 5.97 | N | 49 | Moving | Yes | GPS |
| 3/5/2012 1:41:36 PM | 4201 State Rte 56 | Gracewood | GA | 1.55 \| 7.52 | NW | 38 | Moving | Yes | GPS |
| 3/5/2012 1:43:36 PM | Hwy 56 Lp | Augusta | GA | 0.75 \| 8.26 | NW | 38 | Moving | Yes | GPS |
| 3/5/2012 1:45:36 PM | State Spur 56 | Augusta | GA | 1.43 \| 9.69 | NW | 45 | Moving | Yes | GPS |
| 3/5/2012 1:47:36 PM | State Spur 56 | Augusta | GA | 1.37 \| 11.06 | N | 47 | Moving | Yes | GPS |
| 3/5/2012 1:49:36 PM | 1835 Lock and Dam Rd | Augusta | GA | 1.37 \| 12.43 | SE | 42 | Moving | Yes | GPS |
| 3/5/2012 1:51:36 PM | 2022 Lock and Dam Rd | Augusta | GA | 1.55 \| 13.98 | SE | 47 | Moving | Yes | GPS |

| Date/Time | Location | City | State | Dist | Dir | Speed | Status | | |
|---|---|---|---|---|---|---|---|---|---|
| 3/5/2012 PM | | Augusta | GA | 0.68 \| 14.66 | SE | 20 | Moving | Yes | GPS |
| 3/5/2012 1:55:36 PM | Rd | Augusta | GA | 0.68 \| 15.35 | W | 42 | Moving | Yes | GPS |
| 3/5/2012 1:57:36 PM | 1845 L Rd | Augusta | GA | 1.49 \| 16.84 | NW | 47 | Moving | Yes | GPS |
| 3/5/2012 1:59:36 PM | New Savann. Rd | Augusta | GA | 1.3 \| 18.14 | NW | 47 | Moving | Yes | GPS |
| 3/5/2012 2:01:36 PM | New Savannah Rd | Augusta | GA | 1.62 \| 19.76 | N | 51 | Moving | Yes | GPS |
| 3/5/2012 2:03:36 PM | New Savannah Rd | Augusta | GA | 1.49 \| 21.25 | N | 42 | Moving | Yes | GPS |
| 3/5/2012 2:05:36 PM | Kelly's Paint & Body - Gordon Hwy | Augusta | GA | 1.49 \| 22.74 | N | 47 | Moving | Yes | GPS |
| 3/5/2012 2:07:36 PM | 510 4th St | Augusta | GA | 1.06 \| 23.8 | NE | 11 | Moving | Yes | GPS |
| 3/5/2012 2:09:36 PM | 105 5th St | Augusta | GA | 0.37 \| 24.17 | N | 0 | Moving | Yes | GPS |
| 3/5/2012 2:11:36 PM | 829 Reynolds St | Augusta | GA | 0.37 \| 24.54 | NW | 0 | Moving | Yes | GPS |
| 3/5/2012 2:13:36 PM | 795 Cotton Ln | Augusta | GA | 0.25 \| 24.79 | E | 9 | Moving | Yes | GPS |
| 3/5/2012 2:14:25 PM | 2 Burum Ln | Augusta | GA | 0.06 \| 24.85 | NW | 0 | Ign off | Yes | GPS |
| 3/5/2012 2:14:26 PM | 2 Burum Ln | Augusta | GA | 0 \| 0 | NW | 0 | Stopped | Yes | GPS |
| 3/5/2012 2:18:06 PM | 2 Burum Ln | Augusta | GA | 0 \| 0 | NW | 0 | Ign on | Yes | GPS |
| 3/5/2012 2:18:56 PM | 2 Burum Ln | Augusta | GA | 0 \| 0 | NW | 0 | Start | Yes | GPS |
| 3/5/2012 2:20:56 PM | 832 State Rte 28 | Augusta | GA | 0.31 \| 0.31 | W | 9 | Moving | Yes | GPS |
| 3/5/2012 2:22:56 PM | Ruffin Judicial Center | Augusta | GA | 0.37 \| 0.68 | SW | 18 | Moving | Yes | GPS |
| 3/5/2012 2:24:56 PM | 1107 James Brown Blvd | Augusta | GA | 0.37 \| 1.06 | S | 29 | Moving | Yes | GPS |
| 3/5/2012 2:26:56 PM | 1417 James Brown Blvd | Augusta | GA | 0.37 \| 1.43 | S | 18 | Moving | Yes | GPS |
| 3/5/2012 2:28:56 PM | 1845 Old Savannah Rd | Augusta | GA | 0.93 \| 2.36 | SW | 34 | Moving | Yes | GPS |
| 3/5/2012 2:30:56 PM | Jefferson Davis Memorial Hwy | Augusta | GA | 0.93 \| 3.29 | W | 16 | Moving | Yes | GPS |
| 3/5/2012 2:32:56 PM | 2417 Peach Orchard Rd | Augusta | GA | 0.93 \| 4.23 | SW | 47 | Moving | Yes | GPS |
| 3/5/2012 2:34:56 PM | Benson Rd | Augusta | GA | 0.81 \| 5.03 | S | 9 | Moving | Yes | GPS |
| 3/5/2012 2:36:01 PM | WA GW Plant #1 | Augusta | GA | 0.25 \| 5.28 | NE | 0 | Ign off | Yes | GPS |
| 3/5/2012 2:36:02 PM | WA GW Plant #1 | Augusta | GA | 0 \| 0 | NE | 0 | Stopped | Yes | GPS |







MP042

Monday, Mar 05, 2012  02:30 PM



