**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| MELINDA BEAZLEY PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTA, GEORGIA, through its Mayor Deke Copenhaver, in his official capacity, and its commission, in its official capacity,<br><br>FRED RUSSELL, individually and in his capacity as City Manager, as a final policy maker, under color of law,<br><br>BILL SHANAHAN, individually and in his official capacity, under color of law,<br><br>SAM SMITH, individually and in his official capacity, under color of law,<br><br>JOHN and JANE DOE, whose true names are not known, individually and in his or her individual capacity, under color of law,<br><br>Individually or jointly, and in conspiracy with one another,<br><br>Defendants. | ) | C.A. No. 1:14-cv-00110-JRH-BKE |

**DEFENDANT AUGUSTA, GEORGIA'S**
**<u>MOTION TO RECONSIDER</u>**

Comes now Defendant Augusta, Georgia and files its Motion to Reconsider the denial of summary judgment with respect to Plaintiff's retaliatory discharge claim. The evidence at issue in this matter shows that there is no genuine issue as to any material fact and Augusta, Georgia is entitled to judgment as a matter of law.

## I. PROCEDURAL HISTORY

Plaintiff filed her initial complaint under Civil Action No. 1:14-cv-00110 alleging violations of the FMLA, FLSA, and §1983 on May 2, 2014. Discovery in that matter closed on July 16, 2015 and dispositive motions were due on August 15, 2015 (which was a Saturday making the deadline August 17, 2015). On August 12, 2015, Plaintiff filed a second complaint under Civil Action No. 1:15-cv-00123 alleging race, sex, and disability discrimination and retaliation, along with a motion to consolidate the 1:15-cv-00123 matter with the 1:14-cv-00110 matter. Dispositive motions in the 1:14-cv-00110 matter were filed on August 17th as scheduled. Thereafter, on March 2, 2016, the Court granted Plaintiff's motion to consolidate the cases and deferred ruling on the dispositive motions filed in the 1:14-cv-00110 matter until dispositive motions regarding the allegations in the 1:15-cv-00123 matter were filed and all allegations and motions could be addressed comprehensively. Dispositive motions regarding the claims alleged in 1:15-cv-00123 were filed on June 10, 2016. On March 9, 2017, the Court granted Augusta, Georgia summary judgment on Plaintiff's claims in their entirety, but for Plaintiff's retaliatory discharge claim, and granted summary judgment in its entirety to all individually-named Plaintiffs.

## II. STATEMENT OF FACTS

### A. Plaintiff's Allegations

Plaintiff alleges that she was terminated for engaging in protected activity. (See, Amended Complaint, ¶¶ 110, 124). The totality of Plaintiff's evidence in support of her allegations amount to nothing more than her self-perceptions of how she was treated. (Pl. 5/9/16 Depo. at 16:18-18:19; 25:3-26:9; 30:5-31:17; 36:9-21; 41:2-8; 44:18-45:19).

### B. Plaintiff's Termination

Shortly after Plaintiff was demoted from Operations Supervisor to Maintenance Worker, Plaintiff injured herself on the job and went out on a leave of absence beginning May 31, 2012.

(Pl. Depo., Docket No. 31 at 213:14-219:13). Plaintiff applied for and received FMLA leave for this leave of absence as well. (Pl. Depo., Docket No. 31 at 222:25-223:11). Plaintiff was placed on an indefinite leave of absence by her physician and was not able to return to work. (Pl. Depo., Docket No. 31 at pp. 223:14-224:3). In fact, as of October 2013, Plaintiff still had not been released to return to work. (Pl. Depo., Docket No. 31 at 228:24-229:26). As a result of her inability to return to work, Plaintiff was separated from employment effective February 1, 2013. (Pl. Depo., Docket No. 31 at p. 237:22-25, Docket No. 35 at Ex. 24).

At the time at issue, Augusta, Georgia had a policy that employees who are unable to provide a definite return to work date after a year's absence from work will be separated from employment. (Shanahan Aff., Docket No. 141-3, at ¶ 6). It was Augusta's practice to combine previous leaves of absence with current leaves of absence to determine this one-year period if the employee had only returned to work for a brief amount of time. (Shanahan Aff., Docket No. 141-3, at ¶ 7). Since Plaintiff had been out of work for six (6) months in 2011, had only returned to work for five (5) months, had been back out of work for another eight (8) months, and could not provide a definite return to work date, Plaintiff would have been administratively separated. (Shanahan Aff., Docket No. 141-3, at ¶ 8).

## III. ARGUMENT AND CITATION OF LEGAL AUTHORITY

### A. Plaintiff Cannot Establish Her Retaliatory Discharge Claim

In order to establish a prima facie case of retaliation, Plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal link between the protected expression and the adverse action. Dixon v. Hallmark Companies, Inc., 627 F.3d 849, 856 (11th Cir. 2010). "The causal link element is construed broadly so that 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" Pennington v. City of Huntsville, 261

F.3d 1262, 1266 (quoting Olmsted v. Taco Bell Corp., 141 F.3d at 1460 quoting E.E.O.C. v. Reichhold Chem., Inc., 988 F.2d 1564, 1571–72 (11th Cir.1993)). Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. Id. The ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct remains on the plaintiff. Id. Here the Plaintiff has not met that burden.

Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in §2000e-2(m) of the Civil Rights Act of 1964. University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517, 2533 (2013). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer. Id. In other words, Plaintiff must be able to prove causation in fact – i.e. proof that Augusta, Georgia's conduct did in fact cause the Plaintiff's injuries. Id. at 2524. In this context, this requires Plaintiff to show that Plaintiff's protected activity actually motivated Augusta's decision and had a determinative influence on the outcome. Id. at 2525.

In this matter, Plaintiff cannot prove that her protected activity had a determinative influence on the outcome of her employment. As Augusta, Georgia argued and the Court recognized, Plaintiff was requesting an indefinite leave of absence for her injury and Augusta, Georgia was not required to provide such an accommodation. As a result of Augusta, Georgia's facially-neutral policy, Plaintiff was given the opportunity to return to work or be administratively separated. Therefore, even accepting as true Plaintiff's allegations that she did not retire, but was in fact administratively separated, Plaintiff still cannot prove that her protected activity of filing an EEOC charge had any determinative influence on the outcome of her employment. While Augusta, Georgia acknowledges that temporal proximity may satisfy Plaintiff's initial prima facie

case, it does not alleviate Plaintiff's burden of refuting Augusta, Georgia legitimate, non-retaliatory reason for separating Plaintiff's employment or of carrying her ultimate burden of establishing but-for causation and pretext.

The undisputed facts show that, because of the length of her absence and her inability to provide a definite return to work date, Plaintiff would have been administratively separated from her employment irrespective of her protected activity of filing an EEOC charge. The application of Augusta's policy of administratively separating employees that cannot return to work because they have not been medically released is legitimate and non-discriminatory, both on its face, and as applied to the Plaintiff. The facially neutral policy effectively gave the Plaintiff a year to get well enough to return to work. Unfortunately, the Plaintiff, by her own admission, was not well enough to return to work, triggering the application of the policy. The policy was legislatively approved by the Commission in early 2011 to support the efficient operation of the various governmental departments and to allow departments to fill vacant positions when the employees cannot obtain medical releases to return to work. Even taking the Plaintiff allegations as true, that she was forced to retire, she does not dispute that her separation was pursuant to this policy and does not dispute the legitimacy or reasoning for the policy.

As a result of the legitimate, non-discriminatory reasons provided by Defendants, the burden shifts back to the Plaintiff to show that such reasons are really pretext for retaliation. The record in this case is completely devoid of any evidence that Augusta's administrative separation policy somehow amounted to retaliation against the Plaintiff for filing an EEOC charge in 2012. Since the Plaintiff has failed to meet her burden on this claim, Summary Judgement for the Defendants is proper on this issue. In its March 9th Order, the Court addressed Plaintiff's prima facie case but did not address Augusta, Georgia's legitimate non-discriminatory reason for Plaintiff's seperation. Therefore, Augusta, Georgia respectfully requests that the Court reconsider

its denial of Augusta, Georgia's Motion for Summary Judgment as to Plaintiff's retaliatory discharge claim and grant summary judgment to Augusta, Georgia as to Plaintiff's claims in their entirety.

## IV. CONCLUSION

As shown above, there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law in favor of Augusta, Georgia.

Respectfully submitted this 5th day of April, 2017.

By: /s/ Jody M. Smitherman
Andrew G. MacKenzie, Esq. (Ga. Bar No. 463938)
Jody M. Smitherman, Esq. (Ga. Bar No. 652519)
ATTORNEYS FOR DEFENDANTS
Augusta, Georgia Law Department
535 Telfair Street, Building 3000
Augusta, Georgia 30901
Telephone: (706) 842-5550
Facsimile: (706) 842-5556
Email: amackenzie@augustaga.gov
jsmitherman@augustaga.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| MELINDA BEAZLEY PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTA, GEORGIA, through its Mayor Deke Copenhaver, in his official capacity, and its commission, in its official capacity,<br><br>FRED RUSSELL, individually and in his capacity as City Manager, as a final policy maker, under color of law,<br><br>BILL SHANAHAN, individually and in his official capacity, under color of law,<br><br>SAM SMITH, individually and in his official capacity, under color of law,<br><br>JOHN and JANE DOE, whose true names are not known, individually and in his or her individual capacity, under color of law,<br><br>Individually or jointly, and in conspiracy with one another,<br><br>Defendants. | ) | C.A. No. 1:14-cv-00110-JRH-BKE |

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Submitted this 5th day of April, 2017.

/s/ Jody M. Smitherman