IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MELINDA BEASLEY PEARSON,

    Plaintiff,

v.

                         CV 114-110

AUGUSTA, GEORGIA through its
Mayor Hardie Davis, Jr., in his
official capacity, and its
commission, in its official
capacity et al.,

    Defendants.

## ORDER

In March, the Court granted summary judgment in favor of Defendants on the majority of Plaintiff's claims, and it denied summary judgment to Plaintiff. (Doc. 193.) The Court, however, allowed Plaintiff's Title VII retaliation claim to proceed. Defendant Augusta now asks the Court to reconsider that decision. (Doc. 194.) And Plaintiff asks the Court to reconsider its grant of summary judgment in favor of Defendants and the denial of her motion for summary judgment on her procedural due process claims. (Docs. 196, 197.) The Court **DENIES** all three motions and sets this case for trial.

## A. Motions for Reconsideration

District courts have discretion under Rule 54(b) to revisit interlocutory decisions. See Fed. R. Civ. P. 54(b); SEC v. Mannion, No. 1:10-cv-3374-WSD, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013). But courts should exercise that discretion and grant a motion for reconsideration only when (1) the controlling law has changed, (2) new evidence has been discovered, or (3) there is a need to correct clear error. Raiford v. National Hills Exchange, LLC, No. 1:11-cv-152, 2016 WL 2908412, at *2 (S.D. Ga. May 17, 2016). And "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision . . . ." Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969-Orl-19KRS, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011) (citation omitted) (internal quotation marks omitted). Indeed, reconsideration "is an extraordinary remedy to be employed sparingly." Id. (citation omitted) (internal quotation marks omitted). A motion to reconsider therefore "should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in" prior motions. Mannion, 2013 WL 5999657, at *2.

Here, Augusta argues that the Court erred in not granting summary judgment on Plaintiff's Title VII retaliation claim. And Plaintiff argues (1) that the Court erred in granting

2

Defendants' motions for summary judgment on her procedural due process claims and (2) that Court erred in denying her motion for summary judgment on her procedural due process claims. Plaintiff and Augusta, however, have not pointed to any change in the law or newly discovered evidence or shown that the Court committed clear error. Rather, they assert arguments that the Court already considered and rejected or that should have been made in their summary-judgment briefs. The Court thus **DENIES** their motions.

**B. Trial Date**

This case will proceed to trial. Accordingly, the Court **ORDERS** that lead counsel for the parties meet and confer, in person, and prepare a joint, consolidated proposed pretrial order. The proposed pretrial order must be filed with the Court by **5:00 p.m.** on **July 17, 2017**. Counsel for Plaintiff is responsible for initiating compliance with this instruction.

The form for the proposed pretrial order can be located at the Court's website, www.gas.uscourts.gov, under "District Court"/"Forms." A party's failure to comply with the requirements of this order may result in dismissal of the complaint or answer or other sanctions determined appropriate by the Court. The Court will not accept a proposed pretrial order prepared only from telephone conversations. The proposed pretrial order must include a paragraph stating the date and

3

location of the meeting, the duration of the meeting, and the names of all counsel or parties participating. Proposed pretrial orders that are not consolidated (proposed jointly) will not be accepted without prior permission from the Court.

All evidentiary objections and motions in limine that have not been resolved prior to the pretrial conference must be submitted in writing by **5:00 p.m.** on **August 7, 2017**. Responses must be submitted by **5:00 p.m.** on **August 18, 2017**. The parties are not permitted to file reply briefs in support of their motions in limine.

The Clerk of Court has scheduled the pretrial conference for **Thursday, September 7, 2017, at 11:00 a.m.** and jury selection and trial assignment for **Monday, September 11, 2017, at 9:00 a.m.** At the pretrial conference, the Court will take up any pending motions and approve, reject, or direct amendment of the proposed pretrial order. All exhibits (in digital format) and an exhibit list **must** be provided to the Court at the pretrial conference. Lead counsel for each party **must** attend the pretrial conference.

**ORDER ENTERED** at Augusta, Georgia this ___19th___ day of June, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF GEORGIA