IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
MELINDA BEASLEY PEARSON,        *
                                *
        Plaintiff,              *
                                *
    v.                          *
                                *       CV 114-110
AUGUSTA, GEORGIA through its    *
Mayor Hardie Davis, Jr., in his *
official capacity, and its      *
commission, in its official     *
capacity et al.,                *
                                *
        Defendants.             *
```

## O R D E R

In March, the Court granted summary judgment in favor of Defendants on the majority of Plaintiff's claims, and it denied summary judgment to Plaintiff. (Doc. 193.) The Court, however, allowed Plaintiff's Title VII retaliation claim against Augusta to proceed. In response to the Court's ruling, Plaintiff and Augusta both moved for reconsideration. (Docs. 194, 196, 197.) The Court denied these motions and set the case for trial. (Doc. 200.) Plaintiff now requests (1) a certificate of appealability under 28 U.S.C. § 1292(b); (2) an entry of judgment under Federal Rule of Civil Procedure 54(b); (3) reconsideration; and (4) leave to amend her complaint. (Docs. 201, 202, 203, 204.)

## A. Certificate of Appealability Under 28 U.S.C. § 1292(b) and Entry of Judgment Under Rule 54(b)

Under 28 U.S.C. § 1292(b), a district court may certify in writing that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." The requesting party may then apply to the court of appeals for leave to appeal, and the court of appeals may, "in its discretion, permit an appeal to be taken from such order . . . ." Id.

A "controlling question of law" is one that is purely legal and requires little review of the record. McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004). There is a "substantial ground for difference of opinion" when the district court and the court of appeals are not in "complete and unequivocal agreement" about the issue. See id. (citation omitted) (internal quotation marks omitted). And an immediate appeal "may materially advance the ultimate termination of the litigation" when "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." Id. at 1259.

In short, "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule

2

on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." Id. Thus, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Id. And resolving that question must "substantially reduce the amount of litigation left in the case." Id.

Under Rule 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In deciding whether there is no "just reason for delay," district courts "must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). And district courts should strive to ensure "that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals." Id. (citation omitted) (internal quotation marks omitted).

The Court's order in this case does not involve a controlling question of law as to which there is substantial ground for difference of opinion under § 1292(b). And the Court declines to find that there is no just reason for delay under Rule 54(b). The Court therefore **DENIES** Plaintiff's motion for a

3

certificate of appealability and her motion for an entry of judgment. (Docs. 201, 202.)

**B. Reconsideration**

District courts have discretion under Rule 54(b) to revisit interlocutory decisions. See Fed. R. Civ. P. 54(b); SEC v. Mannion, No. 1:10-cv-3374-WSD, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013). But a court should exercise that discretion and grant a motion for reconsideration only when (1) the controlling law has changed, (2) new evidence has been discovered, or (3) there is a need to correct clear error. Raiford v. National Hills Exchange, LLC, No. 1:11-cv-152, 2016 WL 2908412, at *2 (S.D. Ga. May 17, 2016). And "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision . . . ." Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969-Orl-19KRS, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011) (citation omitted) (internal quotation marks omitted). Indeed, reconsideration "is an extraordinary remedy to be employed sparingly." Id. (citation omitted) (internal quotation marks omitted). A motion to reconsider therefore "should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in" prior motions. Mannion, 2013 WL 5999657, at *2.

4

For the third time, Plaintiff asks the Court to reconsider its decision to grant summary judgment in favor of Defendants on her procedural due process claim. But because Plaintiff has not pointed to any change in the law or new evidence or shown that the Court committed clear error, Court **DENIES** Plaintiff's motion for reconsideration. (Doc. 203.)

C. **Leave to Amend**

Plaintiff also seeks leave to amend her complaint. (Doc. 204.) Because Plaintiff has not shown good cause to amend the scheduling order, see Fed. R. Civ. P. 16(b)(4), and because Plaintiff's proposed amendments would be futile, see Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006), the Court **DENIES** Plaintiff's motion (doc. 204).

**ORDER ENTERED** at Augusta, Georgia this 21st day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5